In the Matter of MARTIN OZER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 19, 1983

### APPEARANCES OF COUNSEL

*Robert P. Walsh* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Andrew Lawler* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice as an attorney in October of 1958 by the Appellate Division of the Supreme Court, Second Judicial Department. At all times relevant to the instant proceeding, he maintained an office for the practice of law in the First Judicial Department.

The instant disciplinary proceeding involves charges of professional misconduct prejudicial to the administration of justice and in violation of DR 6-101(A)(3) and DR 2-110(A)(1) of the Code of Professional Responsibility, specifically that respondent neglected two legal matters entrusted to him and improperly withdrew from employment in one of those matters. The hearing panel sustained the allegations relating to neglect but did not sustain the charge of improper withdrawal. The facts are as follows:

In May of 1977, the respondent was retained on a contingency basis by Sol Katzman to prosecute Katzman's claim for commissions purportedly owed to him by a former employee. On July 7, 1977, he caused a summons to be served in connection with Katzman's case. Defendant in the action appeared on August 10, 1977 and demanded to be served with a copy of the complaint, and respondent subsequently caused a complaint to be served on defendant's attorney. Issue was joined on January 10, 1978. Although examinations before trial were noticed, they were repeatedly adjourned by both parties, and no other substantive activity occurred in Katzman's case until 1980. On February 27, 1980, Katzman complained to the Departmental Disciplinary Committee's predecessor that his case was being neglected. Respondent then moved for an order compelling defendant to appear for an examination before trial, which motion was granted, and both parties were deposed on August 19, 1980. Thereafter, no further significant activity took place with regard to this matter. On March 8, 1981, respondent wrote to Katzman to the effect that his case lacked merit and that if Katzman were to obtain new counsel, respondent would turn over his file to that lawyer free of any lien. At the time of the disciplinary hearing, respondent was still the attorney of record in the Katzman matter, which had not yet been placed on the Trial Calendar and concerning which no action had been taken since August 19, 1980.

In July of 1972, respondent was retained, again on a contingency basis, by Bridget Lavelle and Nancy O'Rourke for the purpose of bringing a personal injury action on behalf of their respective infant children. Respondent did not commence the Lavelle matter until May 23, 1975. Issue was joined on July 25, 1975, at which point defendant requested a bill of particulars. Respondent, however, failed to furnish a timely bill of particulars, and on November 21, 1975, defendant sought an order of preclusion. The court granted the motion unless a bill of particulars was provided within 20 days after service of a copy of the court's order with notice of entry. On February 12, 1976, respondent served a bill of particulars, after which there was no

other substantive activity in the matter until July 7, 1976 when the defendant demanded that respondent file a note of issue within 45 days. Once again, nothing happened in the case for a long period, but on December 6, 1978 respondent finally placed the action on the Trial Calendar. In April of 1980, respondent obtained and accepted an offer of settlement, after which the case was removed from the calendar. However, his clients refused to approve the proposed settlement, and the matter remained inactive until just before the instant disciplinary hearing when the court, in an order dated June 2, 1982, granted respondent's motion to restore the case to the Trial Calendar.

Respondent has offered no explanations which would in any way mitigate his misconduct in the Katzman and Lavelle matters. In addition, he has an extensive prior disciplinary record involving five letters of admonition. The first of these, which was issued in 1963, was for failing to provide a client with information and for making misrepresentations to the client. Respondent received a second letter of admonition in 1970 for allowing a client's case to be dismissed. In 1971 he was admonished for not adequately protecting a client's interests, for neglecting to answer a calendar call and for not moving to restore a case after it had been dismissed, and in 1973 for failing to prepare promptly a client's tax return. Another letter of admonition was issued in 1979 as the result of his losing a client's passport. In view of respondent's long-standing and repeated pattern of neglect and dereliction of professional responsibility, and his continued misconduct in the face of previous admonitions, a period of suspension for one year is now warranted.

Consequently, the Departmental Disciplinary Committee's petition should be granted to the extent of confirming the findings of guilt, and respondent should be suspended for a period of one year.

SANDLER, J. P., ROSS, MILONAS, KASSAL and ALEXANDER, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of

one year, effective May 19, 1983, and until the further order of this court.