In the Matter of ABRAHAM J. BRILL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 10, 1983

APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Jacob W. Friedman* for respondent.

OPINION OF THE COURT

*Per Curiam.*

Petitioner, the Departmental Disciplinary Committee for the First Department, seeks an order confirming the findings of fact and conclusions of law of a hearing panel and directing that respondent be suspended from the practice of law for six months.

Respondent was admitted to practice in the Second Department on February 3, 1937, and maintains an office in the First Department.

The charge which was sustained, and to which respondent offered no defense before the hearing panel other than that he was in ill health, was that he neglected an estate matter and failed to carry out a contract of employment in violation of DR 6-101 (A) (3) and DR 7-101 (A) (3). The

evidence adduced indicates that respondent was retained in February, 1976 to administer and settle an estate. The estate consisted of six bankbooks in the name of the deceased totaling approximately $250,000. Letters of administration were granted on March 5, 1976, and on October 20, 1978 a partial distribution was made to the distributees. From February, 1976 to July, 1982, when he was discharged, respondent failed to pay the Federal and State estate taxes due, and to make final distribution of the assets of the estate. Allegedly, the neglect may result in substantial interest and penalty charges being imposed against the estate.

Respondent, apparently because of the pendency of a malpractice action for his underlying actions in this matter, elected not to present any testimony or evidence, although his counsel argued that the neglect was due to respondent's ill health. The panel found respondent guilty of the charges, and after being advised that he had been censured on October 17, 1978 for essentially similar conduct involving neglect of an estate for failure to file a New York State estate tax return, recommended that respondent be suspended for six months.

In response to the petition respondent now claims that he had been under the impression that complainant was going to retain new counsel, and that the delay is thus complainant's fault. He also notes that there is no suggestion of dishonesty or misappropriation.

Review of the hearing transcript indicates that respondent did not cross-examine complainant about his alleged desire to retain another attorney, and that respondent did not in any other way attempt to establish this defense. His attempt to insert it in his response to the petition, particularly without documentation or detail, must thus be disregarded.

Credible evidence exists to sustain the charges, and the motion to confirm should be granted. In light of both respondent's previous censure and his otherwise unblemished 46 years at the Bar, a suspension for six months is appropriate.

Accordingly, the petition is granted. Respondent is suspended from the practice of law for six months, and said

suspension is to commence 60 days after entry of this order. In the interim, respondent is directed not to undertake any new matters.

SANDLER, J. P., SULLIVAN, CARRO, ASCH and MILONAS, JJ., concur.

Respondent is suspended from practice as an attorney and counselor at law in the State of New York for a period of six months, effective January 9, 1984, and until the further order of this court.