In the Matter of JAMES BRADE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 22, 1984

**APPEARANCES OF COUNSEL**

*Jeanne C. O'Rourke* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Richard L. Baltimore* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to practice as an attorney in June of 1957 by the Appellate Division of the Supreme Court, First Judicial Department. At all times relevant to the instant proceeding, he maintained an office for the practice of law in the First Judicial Department.

Respondent was accused of professional misconduct and conduct prejudicial to the administration of justice in violation of DR 6-101 (A) (3) of the Code of Professional Responsibility. Subsequently, a hearing was conducted with regard to the charges against him, following which the panel determined that respondent was guilty of having neglected two legal matters entrusted to his care, specifically that he had failed to institute an action to recover damages for personal injuries on behalf of his client, Lawrence Williams, that he had neglected to prosecute a personal injury suit for his client, Joseph Wright, and that he had not communicated with his client, Joseph Wright,

regarding the status of his case. Although respondent does not challenge the panel's findings of fact or conclusions of law, he contends that the appropriate penalty here is an admonition. However, respondent has a history of being admonished for professional misconduct in his handling of certain cases.

In the early 1970's, respondent was admonished for failing to prosecute a personal injury action. In 1978, he was admonished for neglecting to file the last will and testament of a decedent and for failing to have this document probated for a period of two years. When another attorney was retained for the estate, he did not promptly forward the file to the new counsel. In 1981, respondent received two separate admonitions, one for failing to prosecute a personal injury action and permitting the Statute of Limitations to expire and the second for neglecting a matrimonial matter from the fall of 1979 through the summer of 1981. Thus, it is evident that despite a series of prior admonitions, respondent has persisted in his pattern of neglect and dereliction of professional responsibility.

The only explanation which respondent offers for his conduct is that he is primarily engaged in the practice of criminal law and has experienced difficulties only in connection with civil matters. The fact remains that he should have had the judgment to heed previous warnings and avoided taking on the representation of matters to which he would not be able to devote the necessary attention. In *Matter of Ozer* (93 AD2d 129) this court recently suspended for a period of one year an attorney who has been found guilty of neglecting two matters and had a prior disciplinary record of five letters of admonition. In the situation before us here, there are no mitigating factors as would warrant a departure from the sanction applied in that proceeding.

Therefore, the petition by the Departmental Disciplinary Committee should be granted to the extent of confirming the findings of guilt, and respondent should be suspended for a period of one year.

KUPFERMAN, J. P., CARRO, SILVERMAN, MILONAS and KASSAL, JJ., concur.

Petition granted only to the extent of confirming the findings of guilt, and respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of one year, effective April 23, 1984, and until the further order of this court.