In the Matter of DAVID A. PRAVDA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 17, 1984

APPEARANCES OF COUNSEL

*Howard Benjamin* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*David A. Pravda,* respondent *pro se.*

OPINION OF THE COURT

*Per Curiam.*

Respondent, whom we suspended for three years on October 27, 1983, now seeks reargument, and, upon reargument, a reduction in the length of the suspension.

Respondent seeks to place before the court biographical and personal information which, due to his conceded neglect, was not presented to the hearing panel or this court before. Respondent claims he thought the court would appoint a referee to take testimony after the Disciplinary Committee moved to confirm the hearing panel's report. He blames his confusion upon his failure to engage other counsel to seek advice, which failure was due to the shame and distress he felt when the charges were brought, and to his belief, founded upon his experience in a prior disciplinary proceeding, that the appointment of a referee was standard procedure in disciplinary matters.

■ Respondent's failure to retain an attorney despite the serious charges against him, and his failure to answer the petition lead us to believe that he is candid in his excuses for his oversights. Thus, we grant reargument for the limited purpose of considering matters offered in mitigation of his suspension.

Respondent has worked for VISTA, and is active in a charity which raises money to fund medical research for children suffering a hearing loss. He has served as a neighborhood collector for the Leukemia Society of America, and a volunteer for isolated elderly people. In 1981, he read for one hour a week to an elderly blind man. He was president of his cooperative corporation's tenant's association for five years, and has coached his son's and daughter's baseball and basketball teams, respectively.

He notes that he has been seriously derelict, but that none of his misdeeds involved personal gain. In a memorandum of law, he recites many situations where attorneys received less harsh discipline for more serious matters.

Our reasons for imposing the lengthy suspension were that respondent had several previous disciplinary adjudications against him, all involving similar charges of neglect. Although another attorney, whom respondent mentions, was disciplined at the same time for neglect and received only a six-month suspension (*Matter of Brill,* 97 AD2d 16), that attorney's two offenses came in the last few years of an otherwise unblemished, over 40-year, professional career. Respondent has only been admitted since 1966, and received his first discipline in 1971. He has five

complaints altogether, inclusive of these matters. The pattern displayed was what triggered the lengthy suspension. In 1971, he was admonished for neglecting a case and misleading a client as to its status. In 1979, he was censured for unnecessarily delaying the prosecution of a divorce action and for procrastinating in pursuing a negligence action and misleading his clients as to the status of the case. In this proceeding, he neglected both a negligence action and an estate matter. A charge of dishonesty was also sustained based on respondent's misrepresentation to the estate beneficiaries. As we pointed out in our *Per Curiam,* respondent has been disciplined for dishonesty or neglect of a case in five different matters.

█ We take note, however, of *Matter of Ozer* (93 AD2d 129), in which an attorney with five previous letters of admonition received a one-year suspension, and *Matter of Brade* (100 AD2d 217), in which an attorney with four previous admonitions also received a one-year suspension. Since respondent has been publicly censured, as well as admonished, a longer suspension than the attorneys in *Ozer* and *Brade* received is justified. Moreover, he has been found guilty of misleading his clients. At the same time, however, the infractions are not so dissimilar as to warrant a disparity of two years in the suspensions received. Thus, we have decided that in the circumstances a two-year suspension would be more appropriate.

Accordingly, respondent's motion seeking reargument is granted, and upon reargument our order entered October 27, 1983 is modified to the extent of reducing respondent's suspension to a period of two years.

MURPHY, P. J., KUPFERMAN, SANDLER, SULLIVAN and SILVERMAN, JJ., concur.

Motion for reargument granted, and upon reargument the order of this court entered on October 27, 1983 is modified to the extent of reducing respondent's suspension to a period of two years, effective December 28, 1983 and until the further order of this court.