In the Matter of SEYMOUR FORMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 20, 1986

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice as an attorney in June of 1939 by the Appellate Division of the Supreme Court, First Judicial Department. At all times relevant to the instant proceeding, he maintained an office for the practice of law in the First Judicial Department. In June of 1985, respondent was charged by petitioner Departmental Disciplinary Committee with professional misconduct for having neglected to prosecute certain legal matters in which he had been retained. Following a hearing, at which respondent represented himself, he was found guilty of the following allegations in violation of Code of Professional Responsibility, DR 6-101 (A) (3).

A. Respondent undertook to settle the estate of Flora Krumm and failed to do so.

B. Respondent undertook to probate the will of Kaethe R. Wolff and failed to petition for letters testamentary appointing Diana J. Wolff Stevens and Ernest Alfred Wolff as executors.

C. Respondent failed to respond to the inquiries of Stevens or correspondence from her attorney.

D. Respondent failed to perfect an appeal of a decision in the matter of *Flattau v Martin et al.* on behalf of Stephen Machon and Clinton Stephens.

E. Respondent failed to commence a wrongful eviction action on behalf of Steven Machon and Clinton Stephens.

F. Respondent undertook to commence a contested divorce action on behalf of C. Kelly O'Connor in February of 1983 and failed to commence said action for a period of seven months until October of 1983.

G. Respondent undertook to enter a judgment of divorce on behalf of C. Kelly O'Connor and failed to procure said judgment of divorce.

H. Respondent undertook to defend Frank Mastropaolo in a wrongful eviction action, *Nieves v 331 E. 109 St. Corp. & Frank Mastropaolo* and failed to appear at a pretrial conference on two occasions: April 13, 1983 and April 21, 1983.

I. Respondent failed to answer a motion for entry of a default judgment in the matter of *Nieves v 331 E. 109 St. Corp. & Frank Mastropaolo.*

In addition to having committed the five counts of neglect of legal matters involved in the instant proceeding, respondent has received two prior admonitions, one for neglect and the

other for failing to file a retainer statement. In that regard, this court has imposed a one-year suspension upon attorneys who have been found guilty of neglect and have received previous admonitions. In *Matter of Ozer* (93 AD2d 129), respondent, who had five prior letters of admonition, was suspended for one year for having neglected two legal matters entrusted to him and improperly withdrawing from employment in one of those matters. Respondent in *Matter of Brade* (100 AD2d 217) received a one-year suspension for having neglected two matters after he had been admonished on four previous occasions. In *Matter of Gruder* (109 AD2d 242), respondent was suspended for one year based upon five charges of neglect, one of misrepresenting the status of a case to a client and one of failing to cooperate with the Disciplinary Committee. He had received five earlier admonitions.

The facts herein warrant that respondent be suspended for a period of one year. Therefore, the petition by the Departmental Disciplinary Committee should be granted, the findings of guilt confirmed and respondent suspended for one year, effective June 13, 1986, and until further order of this court.

MURPHY, P. J., CARRO, MILONAS, ELLERIN and WALLACH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, effective June 13, 1986, and until the further order of this court.