In the Matter of GERALD M. GOLDBERG (Admitted as GERALD MARK GOLDBERG), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 22, 1988

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Gerald M. Goldberg,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Gerald M. Goldberg was admitted to the prac-

tice of law in the First Department on March 28, 1966, under the name of Gerald Mark Goldberg. Respondent was also admitted to practice in the State of New Jersey in 1969. By order of the New Jersey Supreme Court dated February 20, 1987, respondent was disbarred from practice in that State following his conviction in Federal court on the felony charge of conspiracy to distribute and to possess a schedule II controlled substance in violation of 21 USC § 846.

The Federal indictment alleged that respondent had participated in a scheme to purchase and distribute phenylacetone, a schedule II narcotic used to manufacture "speed". The central figure in the drug conspiracy, Steven Michael Fleck, was referred to respondent in 1984 as a client interested in investing in real estate or other businesses. Respondent agreed to help Fleck obtain false identification papers and to set up a trust in Switzerland to conceal the proceeds of the narcotics transactions and to facilitate the drug distribution operation. Respondent admitted in the plea proceeding that he knowingly and intentionally participated in the conspiracy, saying "I foolishly closed my eyes to what I was doing". Respondent was sentenced to three years' probation and a $5,000 fine. No term of incarceration was imposed because his daughter, who suffers from an incurable kidney ailment, would have been adversely affected had respondent been removed from the home. The New Jersey Disciplinary Review Board found that respondent had counseled and assisted a client in conduct that he knew to be illegal and that his conviction adversely reflected on his fitness to practice law. He was, therefore, disbarred.

An attorney admitted to practice in this State who has been the subject of disciplinary action in a foreign jurisdiction may be disciplined by this court because of conduct which gave rise to the discipline imposed in the foreign jurisdiction. (22 NYCRR 603.3.) Although the crime of conspiracy to possess a schedule II controlled substance is a misdemeanor in this State, it is nevertheless a "serious crime" under 22 NYCRR 603.12 (b) and petitioner now moves this court to have respondent disbarred.

In his verified statement, respondent challenged the New Jersey disciplinary proceedings on the ground that his confidential presentence report was made part of the record therein. Although respondent did not, at the time, object to the use of that document in those proceedings, he now claims that its contents were highly prejudicial, containing allega-

tions which had neither been admitted nor proven at his trial. It does not appear, however, that the New Jersey court relied on the presentence report in its decision to disbar respondent in that State. That document is not cited or referred to in the court's nine-page opinion which is based primarily on the seriousness of respondent's crime and the fact that "respondent actively utilized his professional license and legal skills as an attorney to violate the law".

We reject respondent's contention as lacking in merit and also note that it does not establish any of the defenses authorized under 22 NYCRR 603.3 (c). Given the nature of the crime for which respondent was convicted, we find the sanction of disbarment to be warranted. The petitioner's motion is granted and respondent disbarred; his name shall be removed from the roll of attorneys and counselors-at-law, forthwith.

MURPHY, P. J., SULLIVAN, ASCH, ROSENBERGER and SMITH, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective forthwith.