In the Matter of STEPHEN H. FEUERSTEIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 8, 1990

APPEARANCES OF COUNSEL

*Christopher D. Kerr* of counsel *(Hal R. Leiberman,* attorney), for petitioner.

*Theodore D. Moskowitz* of counsel *(McCarter & English,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Stephen H. Feuerstein, was admitted to the practice of law in New York by the Second Judicial Department on February 23, 1972. At all times relevant herein, respondent has maintained an office for the practice of law in the First Department.

Petitioner Departmental Disciplinary Committee (DDC) seeks the imposition of disciplinary sanctions based upon an order of the New Jersey Supreme Court, entered May 6, 1989, which after a hearing before the New Jersey Disciplinary Review Board, suspended respondent for a period of six months, effective June 7, 1989.

The charges brought against respondent allege that he committed professional misconduct by failing to take reasonable steps to avoid foreseeable prejudice to the rights of his clients by withdrawing from employment without complying with applicable laws and rules, neglecting legal matters entrusted to him in such a manner that the neglect constituted gross negligence, and knowingly failing to carry out a contract of employment entered into with a client for professional services. Although respondent appeared at the hearing conducted in June 1986 by the District IX Ethics Committee—which resulted in a finding of misconduct as charged—he did not file an answer to the complaint, filed by the Honorable John J. Hopkins. Neither did he answer written and telephone notices of the Disciplinary Review Board (DRB), which reviewed the Ethics Committee's decision; nor did he appear either by counsel or in his own behalf at the DRB hearing subsequently held in August 1988.

In December 1988, the DRB upheld the finding of misconduct and, noting that respondent had previously been publicly reprimanded for "unprofessional behavior strikingly similar to [that in the instant matter]" *(see, In re Feuerstein,* 93 NJ 441, 461 A2d 750 [1983]), recommended that respondent be sus-

pended from the practice of law for a period of six months.* Thereafter, on May 6, 1989 the New Jersey Supreme Court affirmed the DRB's recommendation and ordered respondent suspended. It is noteworthy that once again respondent made no submission nor did he appear. Only after the New Jersey Supreme Court action did respondent apply for a 30-day stay of the suspension pending submission of a motion for reconsideration; this application was denied by order dated May 30, 1989.

By notice of petition dated July 6, 1989, the DDC seeks an order pursuant to 22 NYCRR 603.3 suspending respondent from the practice of law in New York for a period of six months, predicated upon discipline in a foreign jurisdiction or, in the alternative, referring this matter to the DDC for a hearing. By separate motion respondent also moves for a hearing before the DDC and alleges that pursuant to 22 NYCRR 603.3 (b), he has defenses which would require this court to decline to accept the findings of New Jersey regarding his alleged misconduct.

On a review of the entire record and under the circumstances herein, we agree with the DDC that respondent's request is beyond the scope of these proceedings, and that respondent seeks to relitigate this matter de novo before us, rather than to assert a valid defense in the disciplinary matter herein. The defenses which may validly be raised under 22 NYCRR 603.3 (c) are as follows:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

First, there is extensive documentation that respondent received ample notice and was provided with opportunities to

---

* This recommendation was far more harsh than that of the Ethics Committee, which merely recommended a private reprimand.

be heard, which, at the DRB and Supreme Court level, he declined to avail himself of. Second, the proof offered was of a substantial nature. Respondent now contends that he has witnesses whose testimony would vindicate him, and that the sanctions ultimately imposed by the New Jersey Supreme Court resulted from his lack of participation in all stages of the proceedings. Both contentions are without merit. The New Jersey proceedings spanned 2½ years, during which time these witnesses were not produced. As to respondent's contentions regarding the sanctions imposed, while it is not our province to second-guess the determination of a foreign jurisdiction, it is clear to us that the sanctions previously imposed on respondent, which were of a lesser degree of severity, apparently did not impress upon him that his conduct was unbecoming of an attorney, and that more drastic measures were necessary to do so. Finally, the neglectful acts which were the subject of respondent's New Jersey disciplinary proceedings would have constituted misconduct in this jurisdiction. *(See, Matter of Forman,* 117 AD2d 71, 72-73 [1st Dept 1986].)

It is our determination that respondent has failed to set forth evidentiary facts in support of any defenses to disciplinary action as enumerated under 22 NYCRR 603.3 (c) and is therefore not entitled to a hearing. We further conclude that the facts herein warrant a suspension for a period of six months, such suspension to be coextensive with the suspension imposed by the New Jersey Supreme Court. In imposing this sanction, we concur, as we have previously had occasion to do, with the findings of professional misconduct by the New Jersey Supreme Court and "adopt the punishment meted out by that State as appropriate in the circumstances." *(Matter of Reiss,* 119 AD2d 1, 6 [1st Dept 1986].)

Accordingly, respondent should be suspended from the practice of law in this State for a period of six months, commencing June 7, 1989, and until further order of this court.

CARRO, J. P., ASCH, ELLERIN, WALLACH and RUBIN, JJ., concur.

Petition granted insofar as to suspend respondent from practice for a period of six months, effective June 7, 1989, and until the further order of this court, as indicated; and cross motion for a hearing denied.