In the Matter of NORMAN ROBBINS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 13, 1991

**APPEARANCES OF COUNSEL**

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Norman Robbins,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

By petition, dated February 11, 1991, the Departmental Disciplinary Committee (DDC) of this Department seeks an order, pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, to discipline Norman Robbins, Esq., in this State, predi-

cated upon discipline previously ordered by the New Jersey Supreme Court on October 31, 1990.

On April 2, 1951, this court admitted respondent to practice as an attorney and counselor-at-law in the State of New York, and since 1960 he has been a member of the Bar of the State of New Jersey.

Subsequently, by order, filed October 31, 1990, the Supreme Court of New Jersey publicly reprimanded respondent for violating "RPC 8.4 (c) by improperly affixing his jurat to a deed that contained signatures that were not genuine".

The basis for the New Jersey discipline is the report and recommendation of the New Jersey Disciplinary Review Board (Board), which was adopted by the Supreme Court. The Board stated, in pertinent part, in its report: "By improperly affixing his jurat, respondent committed an inexcusable act. His conduct is made all the more unacceptable because it was intended to advance his own interest in the transaction. The foregoing, coupled with respondent's prior ethics history, compels the Board to recommend unanimously that he be publicly reprimanded".

Respondent opposes the DDC application, and requests a hearing.

In 22 NYCRR 603.3 (a), it is provided that "[a]ny attorney to whom this Part shall apply, pursuant to section 603.1 of this Part who has been disciplined in a foreign jurisdiction, may be disciplined by this court because of the conduct which gave rise to the discipline imposed in the foreign jurisdiction. For purposes of this Part, foreign jurisdiction means another state, territory or district."

Our review of the New Jersey disciplinary proceedings indicate that respondent received a full and fair hearing concerning the charge, since, *inter alia,* he was represented by counsel, who cross-examined witnesses, and respondent testified in his own defense. Further, we find significant that respondent, through counsel, admitted to the Board that he improperly notarized a deed containing false signatures.

We find that the misconduct, of which respondent was found guilty in New Jersey, also constitutes misconduct in this State, since same involves "dishonesty, fraud, deceit, or misrepresentation", and is "prejudicial to the administration of justice" *(see,* Disciplinary Rules of Code of Professional Responsibility DR 1-102 ["Misconduct"] [A] [4], [5] [eff Sept. 1, 1990]).

After examining the respondent's opposition papers, we deny respondent's request for a hearing, since he has failed to set forth any of the defenses enumerated in 22 NYCRR 603.3 (c).

In reciprocal discipline cases, such as this, it is generally accepted that the State where respondent lives and practices law has the greatest interest in the issue and the public policy considerations relevant to such disciplinary action, and therefore, we find that a public censure is the appropriate sanction *(Matter of Reiss,* 119 AD2d 1, 6 [1st Dept 1986]; *Matter of Feuerstein,* 154 AD2d 184, 187 [1st Dept 1990]).

Accordingly, we grant the DDC's application, deny respondent's request for a hearing, and publicly censure respondent, predicated upon the discipline imposed by the New Jersey Supreme Court in its order, filed October 31, 1990.

SULLIVAN, J. P., ELLERIN, KUPFERMAN, ROSS and RUBIN, JJ., concur.

Application of the Departmental Disciplinary Committee for the First Judicial Department is granted, respondent's request for a hearing is denied, and respondent is publicly censured.