[602 NYS2d 592]

In the Matter of DANIEL SIEGEL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 7, 1993

## APPEARANCES OF COUNSEL

*Tracy Miller* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*John H. Doyle, III,* of counsel *(Susan M. Marotta* and *Alon M. Markowitz* with him on the brief; *Anderson Kill Olick &*

*Oshinsky, P. C.,* and *John G. Bonomi,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Daniel Siegel was admitted to the practice of law in New York by the Second Judicial Department on December 21, 1950. At all times relevant herein respondent has maintained and office for the practice of law within the First Judicial Department.

Respondent was charged with 16 violations of the Disciplinary Rules of the Code of Professional Responsibility with regard to four complainants, Alfred Milton, Alice Amodeo, Dorothy Godfrey, and Angela Carter.

Charges One through Three alleged that by not serving a bill of particulars and by not perfecting Alfred Milton's appeal causing the underlying case and the appeal to be dismissed, respondent neglected a legal matter entrusted to him, in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) (Charge One); by failing to promptly inform Milton about the court's decision dismissing the complaint and the court's decision dismissing the appeal, and thereafter inaccurately informing Milton about the status of the case, respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]) (Charge 2); and by all of his actions regarding the Milton matter engaging in conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]) (Charge 3).

After hearing, the Special Referee, Honorable Alexander A. Delle Cese sustained these charges with respect to the Milton matter.

Charges Four through Nine alleged that by settling a wrongful death action without consulting Alice Amodeo and without her authorization, respondent intentionally failed to seek the lawful objectives of his client, in violation of DR 7-101 (A) (1) (22 NYCRR 1200.32 [a] [1]) (Charge 4); by failing to distribute the wrongful death settlement for the past 13 years, and by failing to take any action to advance this distribution for nine years after the settlement, respondent neglected a legal matter entrusted to him in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) (Charge 5); intentionally failing to carry out a contract of employment in violation of DR 7-101

(A) (2) (22 NYCRR 1200.32 [a] [2]) (Charge 6); by filing papers in Surrogate's Court that failed repeatedly to comply with the statutory requirements of the SCPA, respondent handled a legal matter which he knew or should have known he was not competent to handle, in violation of DR 6-101 (A) (1) (22 NYCRR 1200.30 [a] [1]) (Charge 7); and handled a legal matter without adequate preparation in the circumstances, in violation of DR 6-101 (A) (2) (22 NYCRR 1200.30 [a] [2]) (Charge 8); and by all of his actions with respect to the Amodeo matter, respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]) (Charge 9).

Based upon the evidence presented, the Special Referee sustained Charges Four, Five, Six and Nine and found Charges Seven and Eight to have not been sustained.

Charges Ten through Thirteen alleged that by settling wrongful death actions without direction from Dorothy Godfrey, without consulting Godfrey and without her authorization, respondent intentionally failed to seek the lawful objectives of his client in violation of DR 7-101 (A) (1) (22 NYCRR 1200.32 [a] [1]) (Charge 10); by failing to distribute the wrongful death settlement for six years and by failing to take any action at all to advance this distribution for four years after the settlement, respondent neglected a legal matter entrusted to him, in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) (Charge 11); intentionally failing to carry out a contract of employment, in violation of DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2]) (Charge 12); and by all of his actions with respect to the Godfrey matter, that respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]) (Charge 13).

The Special Referee sustained all these charges with respect to the Godfrey matter.

Charges Fourteen through Sixteen alleged that by failing to take any substantive action to advance the settlement of the Angela Carter case or to ready it for trial for more than five years and by failing to communicate with his client or to take adequate steps to locate his client when communication was broken, respondent neglected a legal matter entrusted to him, in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) (Charge 14); by intentionally failing to respond to the demand for a bill of particulars, respondent engaged in conduct preju-

dicial to the administration of justice, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]) (Charge 15); and by all of his actions with respect to the Carter matter, respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]) (Charge 16). Based upon the evidence presented, the Special Referee sustained these charges with respect to the Carter matter.

As noted, the Special Referee sustained 14 of the 16 charges. In mitigation, respondent stated that he is a 69-year-old personal injury practitioner with an outstanding record of community and professional service and an impeccable reputation. Respondent graduated from Harvard Law School in 1949 and was admitted to the Bar in 1950.

Respondent claims that the neglect involved herein was in large measure attributable to debilitating episodes of depression he underwent as a result of major family illnesses and the deaths of his wife and father beginning in 1970 and continuing through 1989.

A psychiatrist who testified as an expert witness for respondent so concluded in his testimony.

Also in mitigation, respondent points out that his misconduct did not involve venality; that he fully cooperated with the Committee in its investigation; that in the Amodeo case he waived a portion of his fee and in the Godfrey case he reduced his fee from 33% to 25%; that personnel turnover was a major problem in his law office which contributed to the neglect of some client matters (in the period from 1976 to the present, more than 20 lawyers worked for respondent at various times, six in 1976 alone); and that he has taken steps to stabilize the personnel situation in his office and improve his office procedures.

At the conclusion of the testimony while staff counsel recommended that respondent should be disbarred, respondent's counsel recommended a public censure. The Special Referee recommended that respondent should be suspended from the practice of law for a period of three years.

The Departmental Disciplinary Committee now seeks an order confirming the report of the Special Referee and imposing the recommended sanction.

Respondent cross-moves for an order disaffirming the findings of the Special Referee sustaining Charges 2, 3, 6, 9, 10, 12, 13 and 14 and disaffirming the recommended sanction of

suspension for a period of three years and instead requesting that a public censure or a "brief period" of suspension by imposed.

A review of the extensive evidence presented to the Special Referee indicates that there is ample support for the Referee's findings that respondent neglected four legal matters and in so doing was guilty of 14 violations of the Code of Professional Responsibility. Respondent's concession of neglect only in three cases and his claim that all other findings of misconduct were unsupported would require us to resolve all questions of credibility raised at the hearings in his favor, despite testimony and objective facts to the contrary.

The sanction generally imposed upon an attorney for neglect of legal matters, where there is *no* prior disciplinary record is a public censure. *(See, Matter of Kraft,* 148 AD2d 149; *Matter of Richman,* 102 AD2d 403.)* However, a period of suspension has been imposed upon attorneys for neglecting legal matters when those attorneys had received prior admonitions. *(See, Matter of Kovitz,* 118 AD2d 285; *Matter of Forman,* 117 AD2d 71; *Matter of Gruder,* 109 AD2d 242; *Matter of Brade,* 100 AD2d 217).

In view of the fact that respondent has received three prior admonitions for neglect, a term of suspension is clearly warranted.

Moreover, in cases where the neglect has been combined with misrepresentation of the status of the case to the client or lack of candor before the Committee, the term of suspension has generally been longer than one year. *(See, Matter of Segal,* 190 AD2d 295; *Matter of Rabinowitz,* 189 AD2d 402; *Matter of Pravda,* 96 AD2d 34, *mod upon rearg* 101 AD2d 80.)

In the case at bar, respondent neglected four legal matters for substantial periods of time (over 13 years have elapsed since respondent settled the Amodeo case and the settlement still has not been distributed; more than seven years have elapsed since the Godfrey case was settled and the settlement still has not been distributed; eight years passed before respondent reached a settlement in the Carter case; and seven years elapsed after the complaint was dismissed in the Milton case before respondent informed Milton of the fact). While respondent contends that these cases were of dubious merit and the clients have not been prejudiced by his action, Amodeo, Godfrey and Carter have all been denied use of their settlement funds and Milton's complaint and appeal were

dismissed altogether as a result of respondent's actions. Respondent also was well aware of the alleged dubious merit of the cases when he commenced the actions. However, having undertaken to represent these clients in those matters he had an obligation to pursue the cases in a diligent manner. Once the cases became complicated or required time, respondent let them languish and turned to other cases that were either more pressing or had more perceived merit. While respondent's depression and preoccupation with personal problems may have played a role in the neglect, it does not condone or explain his actions in letting these cases, which he believed to be of dubious merit, languish and yet remain able to attend to other aspects of his busy practice.

In addition to the neglect, in the Milton case, respondent misrepresented the status of the case to his client and failed to file a bill of particulars and perfect an appeal. In the Amodeo and Godfrey cases, respondent had the cases marked settled on the court calendar prior to discussing and obtaining the approval of the clients to settle the case. In the Carter case respondent failed to respond to the demand for a bill of particulars.

As such, respondent has engaged in serious professional misconduct for a substantial period of time which has prejudiced his clients. By continuing to refer to this case as a simple case of neglect, respondent has attempted to downplay the seriousness of the proven misconduct. Despite the evidence in mitigation respondent has presented, including his fine reputation in the community, *pro bono* activities, cooperation with the Committee, improvements undertaken in his office and waiver of his fee in the Amodeo case and reduction of his fee in the Godfrey case, it, nevertheless, appears to this Court that the Special Referee's recommendation of a suspension for three years is appropriate, under the circumstances.

Accordingly, respondent's cross motion to disaffirm the Special Referee's report is denied in its entirety. The Committee's petition is granted, the Special Referee's report is confirmed and respondent is suspended from the practice of law for a period of three years and until further order of this Court.

ROSENBERGER, J. P., WALLACH, KUPFERMAN, ASCH and RUBIN, JJ., concur.

Application granted, respondent suspended from practice for a period of three years, effective November 8, 1993, and until the further order of this Court, and cross motion by respondent to disaffirm the report of the Special Referee denied in its entirety.