[670 NYS2d 451]

In the Matter of Samuel E. Dixon, Jr. (Admitted as Samuel Edgar Dixon, Jr.), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, March 24, 1998

### APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New York by the First Department on July 8, 1985, as Samuel Edgar Dixon, Jr. He was admitted as a member of the Bar of the State of Connecticut in May 1985.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 suspending respondent for nine months based upon similar discipline imposed by the Superior Court of the State of Connecticut, or, in the alternative, sanctioning respondent as this Court deems appropriate.

On July 29, 1997, the Connecticut Superior Court suspended respondent, who had been reprimanded on two prior occasions by the Statewide Grievance Committee, from the practice of law for nine months commencing July 30, 1997. In a "Stipulation of Facts and Disposition" entered into in Superior Court in the Judicial District of New Haven on July 10, 1997, respondent admitted that, in connection with his representation of a client who had retained him to represent her in a personal injury claim arising out of an automobile accident, he had settled the client's claim for uninsured motorist benefits with the uninsured motorist carrier for the amount of $13,500 without communicating to the client the amount of the settlement offer or that he intended to settle her claim. In addition, he admitted that he had presented to the insurer a general release purportedly signed by the client and witnessed by a third party, deposited the funds in a non-interest-bearing clients' fund account and failed to pay promptly the amount due the client. The client's signature, which had not been witnessed by a third party, had been obtained on a blank release form at or about the time of her first meeting with respondent. Respondent acknowledged that his conduct violated the Rules of Professional Conduct, and he agreed to a nine-month suspension.

An attorney admitted in New York State who has been subject of disciplinary action in a foreign jurisdiction may be disciplined by this Court because of conduct that gave rise to the discipline imposed in the foreign jurisdiction. (*Matter of Goldberg*, 136 AD2d 72.) The only defenses which may be raised in a reciprocal disciplinary proceeding are

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the

finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction." (22 NYCRR 603.3 [c]; *see, Matter of Pohlmeyer*, 226 AD2d 52.)

Respondent has not answered the petition. Nor would he have any defense available under 22 NYCRR 603.3 (c). The record reflects that respondent was given notice of the disciplinary proceedings in Connecticut and an adequate opportunity to be heard in those proceedings. Any defense under section 603.3 (c) (1) is therefore precluded. Nor can respondent, having agreed to the contents of the stipulation, thereby acknowledging the misconduct, claim that there was an infirmity of proof under section 603.3 (c) (2). Finally, we note that the misconduct on which the Connecticut discipline was based constitutes misconduct in New York. (*See*, 22 NYCRR 603.3 [c] [3].) Respondent admitted that he settled a client's personal injury claim without obtaining her consent, violations of Connecticut Rules of Professional Conduct, rules 1.2 (a) and 1.4 (a). This conduct also violates Code of Professional Responsibility DR 7-101 (A) (1). (22 NYCRR 1200.32; *see, Matter of Siegel*, 193 AD2d 181, 182.) In addition, respondent admitted to failing promptly to distribute the settlement funds to his client. This constitutes misconduct in Connecticut as well as New York. (*See*, Connecticut Rules of Professional Conduct, rule 1.15 [b]; *see also*, DR 9-102 [C] [4] [a lawyer "shall * * * [p]romptly pay or deliver to the client * * * the funds * * * in the possession of the lawyer which the client * * * is entitled to receive"]; *Matter of Stein*, 189 AD2d 128.) In addition, respondent admitted that he submitted to an insurance company a general release that was purportedly signed and witnessed on a certain date when respondent knew it had been signed prior to that date and outside the presence of the witness. Such conduct involves "dishonesty, fraud, deceit [and] misrepresentation," prohibited by the disciplinary rules of both Connecticut and New York. (Rules of Professional Conduct, Connecticut rule 8.4 [c]; DR 1-102 [A] [4] [22 NYCRR 1200.3].)

Since this is a reciprocal disciplinary proceeding, we accord great weight to the jurisdiction that issued the sanction and " 'adopt the punishment meted out by that State as appropriate in the circumstances.' " (*Matter of Feuerstein*, 154 AD2d 184, 187, quoting *Matter of Reiss*, 119 AD2d 1, 6.)

Accordingly, the Departmental Disciplinary Committee's petition is granted and respondent is suspended from the practice

of law for a period of nine months, effective immediately, pursuant to 22 NYCRR 603.3 (a).

SULLIVAN, J. P., ELLERIN, WILLIAMS, MAZZARELLI and ANDRIAS, JJ., concur.

Petition granted, respondent suspended from the practice of law in the State of New York for a period of nine months, effective immediately, and until the further order of this Court.