[698 NYS2d 224]

In the Matter of STEPHEN YAGMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 18, 1999

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Ramsey Clark* and *Lawrence W. Schilling* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Stephen Yagman, was admitted to the practice of law in the State of New York by the First Judicial Department on March 17, 1975. At all times relevant to this proceed-

ing, respondent has also been admitted to practice as an attorney in the State of California.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law based upon similar discipline issued by the California Supreme Court or, in the alternative, sanctioning respondent as this Court deems appropriate.

By order dated September 16, 1998, the California Supreme Court suspended respondent from the practice of law in California for three years, with two years of that suspension stayed and actual suspension ordered for one year and with probation ordered for the full three years. The discipline so imposed was predicated upon respondent's conduct in a civil rights case litigated in the United States District Court for the Central District of California in which respondent was found to have: failed to communicate a written settlement offer to his clients; failed to promptly pay to his clients funds to which they were entitled; failed to render an appropriate accounting; commingled and misappropriated funds; and, entered into an illegal fee agreement and collected an unconscionable fee.

Since this proceeding is based upon reciprocal discipline, the Departmental Disciplinary Committee correctly asserts that respondent may only raise defenses enumerated in 22 NYCRR 603.3 (c). We find that respondent was provided with sufficient notice and an adequate opportunity to be heard in the California disciplinary proceedings and that the proof submitted was sufficient to support the findings of misconduct.

The California State Bar charged respondent with 18 counts of professional misconduct and a Hearing Judge found respondent culpable on five counts. The Review Department of the California State Bar Court, conducting a de novo review, accepted the Hearing Judge's findings of fact and determined that respondent: failed to communicate a written settlement offer to his clients; failed to promptly pay funds to clients; failed to render an appropriate accounting; and, commingled funds and misappropriated funds. The Review Department further found that respondent had entered into an illegal fee agreement, collected an unconscionable fee and that such conduct involved moral turpitude. The California Supreme Court denied respondent's writ of review and ordered respondent's suspension as recommended by the Review Department.

The misconduct for which respondent was disciplined in California constitutes misconduct in New York. While there is no New York provision identical to California Rules of Profes-

sional Conduct rule 3-510 (A) requiring an attorney to promptly communicate all settlement offers to his client, Code of Professional Responsibility DR 7-101 (A) (22 NYCRR 1200.32) has been construed to impose such duty (*see, Matter of Dalton*, 38 AD2d 993; *see also, Matter of Dixon*, 241 AD2d 93; *Matter of Siegel*, 193 AD2d 181). The remaining California disciplinary charges have analogues in New York.

Regarding the sanction to be imposed, the State where an attorney lives and has actively practiced law when the offenses were committed has the greatest interest (*see, Matter of Reiss*, 119 AD2d 1, 6). The Departmental Disciplinary Committee and the respondent both agree that a one-year suspension coextensive with his suspension in California would be appropriate. Respondent should be suspended for at least one year, coextensive with his California suspension, effective nunc pro tunc to October 16, 1998 (*see, Matter of Greenfield*, 211 AD2d 29). Such suspension shall remain in effect until respondent has been reinstated by the California Supreme Court whereupon respondent may petition to be reinstated in New York.

TOM, J. P., ANDRIAS, SAXE, BUCKLEY and FRIEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, as indicated.