[807 NYS2d 621]

In the Matter of JOHN R. HABERMAN (Admitted as JOHN RAYMOND HABERMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 10, 2006

## APPEARANCES OF COUNSEL

*Faith Lorenzo*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Pruzansky & Besunder, LLP*, Islandia (*Harvey B. Besunder* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated August 20, 2004, containing two charges of professional misconduct. In an affirmation served in opposition to the petition, the respondent denied the allegations. At a preliminary hearing held on October 18, 2004, the respondent appeared pro se. Subsequently, he served an undated answer to the petition in which he essentially admitted the factual allegations, but denied that he was thereby guilty of professional misconduct, and asserted mitigation. At the hearing on December 16, 2004, the respondent appeared with counsel, and by stipulation entered on the record, he admitted the factual allegations of the petition. The petitioner's direct case consisted entirely of documentary evidence. The respondent testified on his own behalf, presented three character witnesses, and submitted one exhibit into evidence. The Special Referee did not sustain the charges.

The petitioner now moves to disaffirm the Special Referee's report, to sustain the charges, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent opposes the motion and cross-moves to confirm the Special Referee's report.

The two charges in the petition arise from the same matrimonial action and involve the same complainant.

Charge One alleges that the respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about January 1992 the respondent was retained by Marilyn Cruz and represented her, as plaintiff, in an annulment proceeding in which her husband, Jose R. Cruz, the defendant, appeared pro se.

On or about March 24, 1999, the petitioner commenced an investigation against the respondent based on a complaint filed by Ms. Cruz alleging that he had neglected her matter over the previous seven years.

On October 21, 1999, the petitioner issued a letter of admonition to the respondent with respect to the complaint of Ms. Cruz, for neglecting a legal matter entrusted to him, in violation of the Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]), and for engaging in conduct that was prejudicial to the administration of justice, in violation of DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

With respect to the annulment, on September 16, 1999, due to the defendant's failure to appear, an inquest was held before Justice Leonard Austin in the Supreme Court, Suffolk County. The application for the annulment was granted and the respondent was directed to "submit the appropriate judgment" on or before November 15, 1999.

On October 7, 1999, the respondent filed a proposed judgment of annulment dated October 6, 1999, which was returned without having been signed by the court. This was due, inter alia, to the respondent's failure to include a copy of the transcript of the inquest with the proposed judgment.

In an order dated October 14, 1999, the Supreme Court, Suffolk County stated that an inquest had been held on September 16, 1999, in which "the issues in dispute in this matrimonial action have been resolved pursuant to an agreement reached by the parties." The order directed that the action be "marked settled and thus marked off the reserve calendar of this Court." Counsel was also "directed to submit all necessary papers to finally dispose of this action no later than November 15, 1999."

On or about April 8, 2002, the petitioner received a second complaint from Ms. Cruz in which she alleged that the respondent was still neglecting her case in that she had not yet received a final judgment of annulment. By letter dated May 6, 2002, the petitioner advised the respondent that it was commencing a new investigation of the matter based on the most recent complaint from Ms. Cruz.

On August 18, 2003, the respondent re-filed the proposed judgment of annulment, originally dated October 6, 1999, with the Supreme Court. The respondent was advised by the Clerk's office that the papers filed on August 18, 2003, were not sufficient, as they failed to include findings of fact and conclusions of law and an affirmation of delay explaining why the matter took more than one year to settle following the inquest.

On January 23, 2004, the respondent filed a new proposed judgment of annulment and accompanying findings of fact and conclusions of law, but he failed to file the required affirmation of delay. On March 4, 2004, an affirmation of delay dated March 3, 2004, was filed with the court. The judgment of annulment was signed by Justice Marion McNulty on March 18, 2004, and entered by the Clerk of the Supreme Court, Suffolk County on March 29, 2004.

Charge Two alleges that the respondent made false statements to a client regarding the status of a legal matter in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based upon the allegations set forth in Charge One, and further, that between October 1999 and October 2000, Ms. Cruz inquired as to the status of her matter, and on at least one date, the respondent falsely informed her that he had re-filed the proposed judgment of annulment with the court. In fact, the respondent had failed to re-file the proposed judgment of annulment with the court between October 1999 and October 2000. The respondent knew or should have known that his statement to Ms. Cruz was not truthful.

Based on the evidence adduced, we conclude that the Special Referee erred in failing to sustain the charges. We have also considered the respondent's remaining contentions and find them to be without merit. Accordingly, the petitioner's motion to disaffirm the Special Referee's report is granted, the charges are sustained, and the respondent's cross motion is denied.

In determining a suitable measure of discipline to impose, it is appropriate to consider that the respondent presented three character witnesses who were all attorneys testifying with respect to his good professional reputation.

The petitioner advises that in addition to the letter of admonition issued on October 21, 1999, with respect to Ms. Cruz's original complaint, on September 21, 1984, a letter of caution was issued against the respondent with respect to a complaint that he mishandled an escrow fund by not depositing it in an interest-bearing account after an agreement to do so. There is no report of further complaints against the respondent.

Under the totality of circumstances, and in view of the mitigation presented by the respondent, the respondent is publicly censured for his professional misconduct.

FLORIO, J.P., H. MILLER, SCHMIDT, ADAMS and COZIER, JJ., concur.

Ordered that the petitioner's motion to disaffirm the Special Referee's report is granted, the charges are sustained, and the respondent's cross motion to confirm is denied; and it is further,

Ordered that the respondent, John R. Haberman, admitted as John Raymond Haberman, is publicly censured for his professional misconduct.