[49 NYS3d 900]

In the Matter of DAVID ALAN PRAVDA, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,
Petitioner.

Second Department, April 12, 2017

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

*David Alan Pravda*, Scarsdale, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated June 18, 2015, containing three charges of professional misconduct. After a hearing conducted on April 12, 2016, the Special Referee sustained the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent has submitted papers in support of the motion to confirm, wherein he does not contest charge one (neglect), but disputes charges two and three, unless the charged neglect automatically constitutes conduct adversely reflecting on his fitness to practice law and automatically constitutes conduct prejudicial to the administration of justice. He requests that this Court return the matter to the Grievance Committee for the issuance of a private sanction.

Charge one alleges that the respondent neglected a legal matter entrusted to him, in violation of former Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and/or rule 1.3 of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: the respondent was retained in or about 2002 to represent the estates of Sydney Math, who died in 1995, and Math's sister-in-law, Lilly Weinberg, who died in 1996. In June 2011, the complainant Jonathan Stone filed a grievance against the respondent, alleging that he had neglected his representation of the estates of Math and Wein-

berg. In or about July 2012, the Grievance Committee for the Ninth Judicial District admonished the respondent for his neglect of the Math and Weinberg estates. In June 2014, Jonathan Stone filed a complaint, alleging, inter alia, that the respondent had still failed to offer Lilly Weinberg's will to probate.

Charge two alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and/or rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual allegations specified in charge one.

Charge three alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and/or rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual allegations specified in charge one.

On February 4, 2016, the parties entered into a stipulation. With respect to charge one, it was stipulated that the respondent began representation of the Math and Weinberg estates in or about 2002; that in June 2011, the complainant filed a grievance against the respondent alleging that he had neglected the matter; that in or about July 2012, the Grievance Committee admonished the respondent for his neglect of the Math and Weinberg estates; and that a complaint dated June 19, 2014, alleged, inter alia, that the respondent had still not filed Weinberg's will for probate. It was further stipulated that, in his answer to the complaint dated September 10, 2014, the respondent did not deny the allegation that he had not yet filed Weinberg's will for probate, and acknowledged

> "in retrospect, and being objective as possible, I recognize that for some reason not entirely clear to me, I have not pursued this matter with the same level of diligence I believe I typically do in my practice . . . I have had a blind spot when it comes to this file. I can't really explain the why of it. I will endeavor to remove the blind spot and do whatever has to be done to bring this matter to a close."

It was also stipulated that on February 10, 2015, the respondent appeared, voluntarily, at the Grievance Committee's office for an examination under oath; that the respondent offered no

explanation as to why he was unable to bring the Weinberg estate to a conclusion; and that the respondent testified:

> "I don't know and it's very disturbing to me and as I said it does not meet my own personal standards from what I ought to be doing for people who come to me. And this is a very, very troubling thing to me, not really having a grip on why, why it has gone on in this fashion."

Based on the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

The respondent was previously suspended for two years for neglect by the Appellate Division, First Department (*see* 96 AD2d 34 [1983], *mod* 101 AD2d 80 [1984]). After his reinstatement in 1988 (143 AD2d 560 [1988]), the respondent has practiced law without incident.

Post-hearing supplemental filings by the parties reveal that, although the beneficiaries have not yet received any distribution, the respondent filed the subject will for probate in February 2015.

In view of the mitigation advanced at the hearing, including the respondent's candor and sincere contrition, his cooperation with the Grievance Committee in these proceedings, his advanced age and the fact that he has begun to wind down his practice in anticipation of retirement, the respondent's volunteer and community activities, the aberrational nature of the respondent's misconduct since his resumption of the practice of law in 1988, and the filing of the subject will for probate in February 2015, we conclude that the appropriate sanction is a public censure (*see Matter of Haberman*, 27 AD3d 66 [2006]).

ENG, P.J., MASTRO, RIVERA, DILLON and AUSTIN, J.J., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.