[672 NYS2d 324]

In the Matter of WILLIAM J. CORCORAN (Admitted as WILLIAM JOSEPH CORCORAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 5, 1998

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent William J. Corcoran was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on December 12, 1984, as William Joseph Corcoran. During much of the time relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was served with a notice and statement of charges dated October 8, 1996, in which it is alleged that he failed to refund the unearned portion of a $10,000 advance fee to a client after he was discharged, he filed two frivolous lawsuits against the principals of the client from whom he had received the advance fee, he neglected another client's legal matter and failed to promptly return that client's legal file and he improperly deposited two clients' estate distribution funds in an out-of-State bank account that was not designated as an attorney or fiduciary account. By this misconduct, respondent was charged with violating Code of Professional Responsibility DR 1-102 (A) (7) (now [8]); DR 2-110 (A) (2) and (3); DR 6-101 (A) (3); DR 7-101 (A) (3); DR 7-102 (A) (1); and DR 9-102 (A), (B) and (C) (4) (22 NYCRR 1200.3, 1200.15, 1200.30, 1200.32, 1200.33, 1200.46). Respondent submitted an answer attempting to refute most of the charges.

A Hearing Panel was convened to consider the charges and possible sanction. The Panel issued its report on December 15, 1997, in which it sustained five of the six charges against respondent, recommended that respondent be suspended for two years and that his reinstatement be conditioned upon proof of restitution of the $10,000 unearned fee.

The Departmental Disciplinary Committee (Committee) now petitions for an order confirming the Hearing Panel's findings, conclusions and recommendation that respondent be suspended for two years and until he makes restitution. There has been no response to the petition.

The Committee's motion should be granted. The hearing evidence firmly establishes that respondent refused to return an unearned legal fee after he was discharged in violation of DR 2-110 (A) (3) and DR 9-102 (C) (4). We note that respondent was discharged almost immediately after he was retained upon the client's discovery that he was not a registered attorney in New York, and his defense that he had performed many hours of research prior to the execution of the retainer agreement is inconsistent with many of respondent's own statements. The evidence also supports the Panel's finding that respondent neglected a client's personal injury case which resulted in its dismissal for neglect to prosecute (DR 6-101 [A] [3]), and that he failed to return that client's legal file after his discharge, de-

spite the client's diligent efforts to retrieve it (DR 2-110 [A] [2]). Lastly, his misuse of financial accounts in violation of DR 9-102 (A) and (B) was clearly documented.

We also confirm the sanction, as we have previously found that a suspension is appropriate in circumstances where an attorney's failure to return the unearned portion of client's fee is accompanied by neglect or other misconduct (*see, Matter of Cofino*, 211 AD2d 298; *Matter of Moore*, 197 AD2d 254; *see also, Matter of Cooperman*, 83 NY2d 465). While there was no lengthy pattern of neglect as in some other cases, we believe the Committee's recommendation of a two-year suspension is appropriate in light of respondent's refusal to refund any portion of the fee despite an admonition from the Committee (*see, Matter of Mannan*, 233 AD2d 77), and his palpable lack of candor or remorse at the hearing (*see, Matter of Edelman*, 212 AD2d 126, 130; *Matter of Pitts*, 205 AD2d 110).

Accordingly, the Hearing Panel's findings, conclusions and recommendation are confirmed, respondent is suspended from the practice of law for a period of two years, and until the further order of this Court, with any application for reinstatement being conditioned upon his prior payment of restitution.

SULLIVAN, J. P., NARDELLI, RUBIN, MAZZARELLI and SAXE, JJ., concur.

Petition granted, the Hearing Panel's findings, conclusions and recommendation are confirmed, and respondent suspended from the practice of law in the State of New York for a period of two years, effective June 4, 1998, and until the further order of this Court, with any application for reinstatement being conditioned upon his prior payment of restitution.