[687 NYS2d 357]

In the Matter of STEVEN M. BLUMROSEN (Admitted as STEVEN MARSHALL BLUMROSEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 1, 1999

## APPEARANCES OF COUNSEL

*Kathleen Feerick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Steven M. Blumrosen, was admitted to practice as an attorney in the State of New York on February 4, 1985

by the Appellate Division, First Department, under the name Steven Marshall Blumrosen. At all times relevant herein, respondent practiced law outside this State.

The Departmental Disciplinary Committee moves, pursuant to 22 NYCRR 603.3, for an order suspending respondent from the practice of law predicated upon similar discipline issued by the Supreme Court of the State of Arizona, or, in the alternative, sanctioning respondent as this Court deems appropriate.

On January 23, 1998, respondent entered an Agreement for Discipline by Consent, in which he admitted to a course of misconduct from 1993 to 1996 that involved, *inter alia*, accepting representation of clients, accepting retainers from those clients, then performing little, if any, work on the cases. Further, respondent admitted failing to communicate with the clients and failing to cooperate or respond to State Bar inquiries after complaints were filed. Respondent, having acknowledged engaging in professional misconduct, is precluded from raising the defense enumerated at 22 NYCRR 603.3 (c) (2) that there was such infirmity of proof establishing the misconduct, that this Court could not accept as final the findings of the Arizona Supreme Court.

Respondent admitted that his conduct violated rule 42 of the Arizona Supreme Court Rules, specifically Rules of Professional Conduct (RPC), ER 1.3 (lack of diligence) and ER 1.4 (failure to maintain adequate communication). These are analogous to the prohibitions set forth in Code of Professional Responsibility (the New York Code), DR 6-101 (A) (3) (22 NYCRR 1200.30), which states that a lawyer shall not "[n]eglect a legal matter entrusted to the lawyer," as well as DR 7-101 (A) (1) of the New York Code (22 NYCRR 1200.32), which states that "[a] lawyer shall not intentionally * * * [f]ail to seek the lawful objectives of [his] client through reasonably available means permitted by law and the disciplinary rules". Respondent's misconduct in Arizona, therefore, would also constitute misconduct in New York (*see, Matter of Siegel*, 193 AD2d 181; *Matter of McEnroe*, 174 AD2d 67).

In addition, the Arizona Supreme Court found that respondent's conduct violated ER 1.5 of the RPC (unreasonable fees). This is analogous to a similar provision, namely, DR 2-106 (A) of the New York Code (22 NYCRR 1200.11), which states that "[a] lawyer shall not enter into an agreement for, charge or collect an illegal or [clearly] excessive fee." Again, this conduct has been found to constitute ethical misconduct in New York (*Matter of Denhoffer*, 127 AD2d 230; *Matter of Dowsey*, 137

AD2d 203). Further, respondent admitted he violated ER 1.15 of the RPC (failure to safekeep property) by failing to account to his client and by failing to deposit client funds into his trust account. This is analogous to DR 9-102 (C) of the New York Code (22 NYCRR 1200.46), dealing with rendering accounts and safeguarding client property. This conduct in Arizona would also constitute misconduct in New York (*see, Matter of Corcoran*, 243 AD2d 86). Respondent also violated ER 1.16 (d) of the RPC by failing to comply with his client's reasonable request for information and, upon termination, failing to take steps reasonably practicable to protect his client's interests. This is analogous to DR 2-110 (A) (2) of the New York Code (22 NYCRR 1200.15), which states that "a lawyer shall not withdraw from employment until the lawyer has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client." The failure of respondent to properly terminate his representation of his client also constitutes misconduct in New York (*see, Matter of Corcoran, supra*). Respondent violated ER 8.1 (b) of the RPC and Arizona Supreme Court Rules, rule 51 (h) and (i), by failing to respond to the Arizona State Bar's lawful demands for information. These sections and rules are analogous to DR 1-102 (A) (5) of the New York Code (22 NYCRR 1200.3), which provides that "[a] lawyer * * * shall not * * * [e]ngage in conduct that is prejudicial to the administration of justice." Failure in New York to cooperate with a disciplinary or grievance committee has been deemed to be conduct prejudicial to the administration of justice in violation of this section (*see, Matter of Levine*, 207 AD2d 96, 97; *Matter of Gordon*, 142 AD2d 135, 137). Since respondent's professional misconduct in Arizona also constitutes professional misconduct in this State, he has no defense under 22 NYCRR 603.3 (c) (3).

Respondent has no defense under 22 NYCRR 603.3 (c) (1) since he was provided with sufficient notice and an opportunity to be heard. Respondent answered the complaint through his attorney and then knowingly and voluntarily entered into the Consent Agreement.

Accordingly, the Committee's motion for an order pursuant to the doctrine of reciprocal discipline should be granted and respondent suspended for a period of 18 months from the practice of law in New York, in accordance with the discipline ordered in Arizona, effective immediately, and until further order of this Court. Further, respondent's reinstatement to the practice of law shall be conditioned upon his compliance with Judiciary Law § 468-a.

NARDELLI, J. P., WILLIAMS, LERNER, MAZZARELLI and SAXE, JJ., concur.

Petition granted, and respondent suspended from the practice of law in the State of New York for a period of 18 months, effective immediately, and until the further order of this Court, as indicated.