[816 NYS2d 2]

In the Matter of MICHAEL L. MARLEY (Admitted as MICHAEL LEWIS MARLEY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 16, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Eileen J. Shields* of counsel), for petitioner.

*Hinshaw & Culbertson, LLP* (*Hal R. Lieberman* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Michael L. Marley was admitted to the practice of law in the State of New York by the First Judicial Department on February 4, 1991, under the name Michael Lewis Marley. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On or about August 12, 2004, respondent was served with a notice and statement of charges alleging seven counts involving misuse of a cash bail refund. Specifically, Charge One alleged that respondent misappropriated funds belonging to the complainant by depositing bail refund money into his business account without notifying the complainant of his receipt of the funds and retaining and spending the bail refund money in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). Charge Two alleged that respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3) by sur-

reptitiously depositing the bail refund check into his business account without notice to the complainant. Charge Three alleged that by depositing the bail refund into his business account, respondent failed to segregate funds belonging to another person, which he possessed incident to his practice of law in a special account from his business or personal accounts in violation of DR 9-102 (a) and (b). Charge Four alleged that respondent violated DR 9-102 (c) (1) by failing to promptly notify the complainant that he had received the bail refund in which respondent knew the complainant had an interest. Charge Five alleged that respondent violated DR 9-102 (c) (3) by failing to keep complete records relating to the bail refund and render appropriate accounts to the complainant. Charge Six alleged that respondent violated DR 9-102 (c) (4) by refusing to promptly pay or deliver the bail refund to complainant, who was entitled to receive it. Charge Seven alleged that respondent's conduct in this matter reflects adversely on his fitness as a lawyer in violation of DR 1-102 (a) (7).

In his answer filed on September 20, 2004, respondent admitted Charges Three, Four and Five, thus admitting commingling, failing to keep records and failing to give notice of receiving the bail refund. Respondent denied the remaining charges.

A hearing was conducted on November 22, 2004 on the issue of respondent's liability with respect to Charges One, Two, Six and Seven. On December 16, 2004, the referee made his findings of fact and conclusions of law on liability on the record, sustaining all seven charges of misconduct. On the same day, the referee conducted a sanction hearing. The referee recommended that respondent be suspended from the practice of law for a period of 18 months. He further recommended that before respondent could be reinstated to the bar, he should be required to present certificates demonstrating that he completed a total of 24 hours of CLE credits, including 10 credits in lawyers' ethics, as well as demonstrate compliance with the other provisions of the Court's final suspension order.

The Hearing Panel heard oral argument. The Committee requested that the Hearing Panel confirm the findings of fact and conclusions of law made by the referee and adopt his sanction recommendation of an 18-month suspension.

Respondent argued that he acted in the mistaken belief that he could retain the bail refund pending resolution of fee issues and asked that the Panel sustain only Charges Three, Four and Five and recommend no worse than a public censure.

On April 11, 2005, the Hearing Panel affirmed the referee's findings on liability of all seven charges and adopted his recommendation of an 18-month suspension. With respect to the charges where liability was contested, the Hearing Panel specifically found that respondent violated DR 9-102 (c) (1) by taking possession of the bail refund without notifying anyone and spending it, when he knew or should have known that the money should have been returned to the complainant. Respondent admitted that he deposited the bail refund into his account and spent it. In addition, he tracked the progress of his former client's case in his diary after he was discharged, demonstrating that he acted intentionally to seize the bail refund as soon as the case was over.

Respondent's claim that he only took the money because he had a fee dispute with the complainant is not a defense. Significantly, respondent never told complainant contemporaneously that he believed he was owed additional fees, nor did he ever send complainant a statement of hours worked or additional fees due.

The Hearing Panel found that respondent violated DR 9-102 (c) (4) when he refused to promptly pay or deliver the bail refund to complainant. The Panel stated that the evidence showed the complainant was entitled to the bail refund and that he and successor counsel repeatedly requested the money, and that respondent knew what he was doing was wrong.

In sustaining Charge Seven, that respondent's conduct reflected adversely on his fitness as a lawyer in violation of DR 1-102 (a) (7), the Panel noted that by his own admissions, respondent did not make any effort to learn or comply with ethical requirements, even after he had been reminded of them by the client's new lawyer.

The Hearing Panel considered mitigating factors such as respondent's pro bono work, his activities as a Big Brother, and the fact that full restitution of the bail was made to complainant. Although respondent was admitted to practice in 1991, he did not practice as an attorney until 2000, working initially as a sports writer and television sportscaster. He also worked as a public relations director for a boxing promoter prior to practicing full time. Respondent's practice consisted mainly of per diem work for other attorneys and all fees were deposited into his business account, since he did not maintain a separate escrow account. Respondent expressed remorse and contrition and cooperated fully with the Committee.

On the issue of sanction, the Hearing Panel concluded that respondent's seizure of the bail funds was in the context of his belief that he was entitled to additional fees, and thus, this case falls within those nonvenal misappropriation cases where generally, we have imposed a two-year suspension (*see Matter of Anderson*, 168 AD2d 59 [1991]; *Matter of Corcoran*, 243 AD2d 86 [1998]). The Panel distinguished those cases on the facts and based upon the mitigating factors presented to it, and affirmed the recommended sanction of 18 months, rejecting respondent's request for a public censure.

The Committee now seeks an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e), confirming the findings of fact and conclusions of law set forth in the Hearing Panel determination and the referee's report, and imposing a suspension of 18 months.

While respondent does not challenge the basic findings of the referee or the Hearing Panel, he again requests public censure as the appropriate sanction.

The findings of fact and conclusions of law regarding respondent's misconduct should be confirmed as they were fully supported by the record, and in some cases admitted to by respondent.

We have consistently held that suspension is an appropriate sanction in disciplinary cases involving attorneys who have engaged in nonvenal misappropriation cases (*Matter of Anderson, supra; Matter of Corcoran, supra; Matter of Tepper,* 286 AD2d 79 [2001]).

Given the seriousness of the violations, including violation of DR 1-102 (a) (4) and (7) and DR 9-102 (c) (1), a sanction of less than a suspension would not be warranted and would substantially deviate from precedent in these types of cases. Because of the mitigating factors present in this case, both the referee and Hearing Panel recommended some leniency in recommending an 18-month suspension.

Accordingly, the Committee's petition should be granted, the Hearing Panel's findings of fact and conclusions of law confirmed, and respondent suspended for a period of 18 months.

ANDRIAS, J.P., MARLOW, GONZALEZ, SWEENY and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective April 17, 2006 and until further order of this Court.