In the Matter of JORGE SOROTE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 31, 1992

## APPEARANCES OF COUNSEL

*Naomi Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Anastasios Sarikas* of counsel *(Sarikas & Hanna,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

By notice of motion dated January 7, 1992, the Departmen-

tal Disciplinary Committee is seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) of the rules of this court suspending the respondent attorney from the practice of law forthwith, during the pendency of disciplinary matters currently pending before the Committee, and until further order of this court.

Respondent Jorge Sorote was admitted to the practice of law in New York by the First Judicial Department on March 25, 1985 and at all times relevant herein maintained an office for the practice of law in the First Judicial Department. This is the second motion to suspend this respondent within the past six months. In June 1991 the Committee filed a motion, returnable July 25, 1991, to suspend the respondent because of his failure to cooperate with the Committee's investigation of a complaint lodged against him by a former client based on neglect of a medical malpractice action; and for his failure to register as an attorney for three years. On July 25, 1991 respondent's attorney served the Committee with papers in opposition to the motion, which contained the documentation the Committee had previously requested, in connection with the complaint, as well as a receipt from the Office of Court Administration evidencing respondent's late registration. In light of that submission the Committee withdrew its motion.

During the pendency of the above proceedings, on January 27, 1991, another complaint was filed with the Committee. This second complaint alleged that the complainant retained the respondent and paid him $6,000 to represent her son in a criminal matter, and did not hear from the respondent thereafter. On February 27, 1991 the Committee sent a copy of the second complaint to the respondent at the office address he had given to the second complainant. Respondent was advised to file a statement of response within 20 days. Respondent failed to respond and the Committee sent a letter to respondent's home address on March 26, 1991. The respondent failed to respond to this letter and subsequently failed to respond to a third letter sent to him on April 26, 1991. All three letters advised the respondent that his failure to respond would constitute actionable misconduct.

Respondent eventually appeared for a deposition on May 21, 1991, pursuant to a subpoena served in connection with the first complaint filed against him. Respondent was questioned regarding both complaints and was instructed to serve a written answer to the second complaint by May 28, 1991. On May 25, 1991 respondent filed an answer in which he stated

that he returned the $6,000 retained to the complainant's sister. Further, respondent requested an extension to file affidavits, to corroborate his statements. While the respondent promised to hand deliver one of the affidavits on September 30, 1991, he failed to appear. Despite staff counsel's attempts to contact the respondent, which included numerous calls to his beeper number and a message on respondent's answering machine instructing him to contact the Committee's staff counsel within five days, respondent never complied.

Thereafter, respondent was held to have defaulted on a subpoena, requiring his appearance before the Committee on November 25, 1991, for a deposition. Respondent contacted the Committee later on the morning of November 25, 1991 and stated that he failed to appear because he had overslept. The deposition was rescheduled for the following day. While the respondent appeared with the promised corroborating affidavit, the deponent's signature was not notarized.

On December 18, 1991 the Committee received two letters regarding the respondent from Judges. Both Judges advised the Committee of respondent's neglect of matters pending before them. Copies of these letters, together with a request for a reply were sent to the respondent, however he did not reply. On December 20, 1991 one of the aforementioned Judges entered a judgment imposing a financial sanction of $1,750 on the respondent, based upon his unjustified failure to attend seven scheduled conferences.

During the pendency of this motion, the Committee, received additional information regarding the respondent, which it forwarded to this court. This information consisted of a letter from a third Judge in which the Judge reported to the Committee that respondent missed two scheduled court appearances on behalf of a client, a criminal defendant, and had prejudiced his client by allowing the omnibus motion period to expire. A copy of this letter, with a request to reply was forwarded to the respondent, and he has failed to respond. On January 14, 1992 a Judge relieved the respondent from representing a criminal defendant, charged with a class A-2 felony, because of respondent's failure to appear on behalf of this client, despite the fact that the respondent had already been sanctioned for failing to appear.

Pursuant to 22 NYCRR 603.4 (e) (1) an attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee, may be suspended from the practice

of law pending consideration of the charges, upon a finding of professional misconduct which is a threat to the public interest. Such a finding may be based on the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct, or to comply with a lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing or pending disciplinary proceedings (22 NYCRR 603.4 [e] [1] [i]), or on other uncontroverted evidence of professional misconduct (22 NYCRR 603.4 [e] [1] [iii]).

This respondent's continued failure to respond to the complaints filed against him "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" *(Matter of Gordon,* 142 AD2d 135, 137). The complaints filed by the two Supreme Court Justices and one acting Supreme Court Justice indicate further evidence of professional misconduct, which alone would be sufficient grounds for the interim suspension requested by the Departmental Disciplinary Committee.

As it appears that the respondent has no intention of cooperating with the Committee, and since the complaints involve serious allegations of professional misconduct, we direct that respondent be suspended from the practice of law forthwith, and pending the investigation, and until further order of this court. We also direct the respondent to fully cooperate in the Committee's investigation *(Matter of Jackson,* 128 AD2d 150).

MURPHY, P. J., CARRO, WALLACH, ROSS and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective March 31, 1992, until such time as the disciplinary investigation pending before the Departmental Disciplinary Committee has been concluded, and until the further order of this court, and respondent is directed to fully cooperate in the Committee's investigation, all as indicated.