122

In the Matter of IHOR WOWTSCHUK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 13, 1992

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Bolger, Hinz & Zutt, P. C.,* Putnam Valley *(William J. Bolger* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with six

allegations of professional misconduct. The Special Referee sustained Charges One, Three, Four and Five. Charge Six was sustained to the extent of finding the respondent guilty of neglecting a legal matter entrusted to him. The petitioner concedes that the Special Referee was correct in not sustaining Charge Two. The petitioner moves to confirm the report of the Special Referee and the respondent has submitted an affirmation in reply, in which he concedes that the report of the Special Referee is correct as to its findings.

Charge One alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law by converting funds entrusted to him to be held in escrow. Between September 1978 and March 1982, the respondent issued four checks drawn on his escrow account, either on behalf of clients or as reimbursement for various fees, prior to the receipt and deposit of client funds to cover those disbursements.

Charge Three alleged that the respondent issued four checks payable to the estate of Guerin and drawn on his escrow account at a time when no estate funds were on deposit.

Charge Four alleged that the respondent consistently advanced funds from his escrow account for disbursements on behalf of clients prior to receipt and deposit of the subject funds into his escrow account.

Charge Five alleged that the respondent commingled clients' and personal funds in his escrow account from approximately 1976 to 1989.

Charge Six alleged that the respondent neglected a legal matter entrusted to him. Less than one month after his admission to the Bar, the respondent agreed to draft a will for a long-time family friend, J. Richard Guerin. Mr. Guerin's two sons were the sole beneficiaries, and trusts were established until the sons reached the age of 21. The respondent was named both the executor of the will and the trustee of the trust. Mr. Guerin died on November 19, 1977, and letters testamentary were issued to the respondent as sole executor on April 6, 1978. Pursuant to the will, the trustee was to continue to make support payments to Mr. Guerin's former wife, under a separation agreement dated April 2, 1976, until the younger child turned 21 on April 13, 1986. The estate consisted primarily of bank accounts, an insurance business, and an undivided one-half interest in the former marital

residence. The insurance business was sold on April 11, 1978, for $214,000; $5,000 was to be paid upon execution of the contract, $45,000 was due at closing, and the balance was to be paid to the respondent in equal semiannual installments. Adjustments were to be made to these installments if accounts were not retained or for liabilities which occurred after closing. The respondent failed to keep proper records of the adjustments and was unable to account for same. The respondent maintained a checking account in the name of the estate at the Bank of New York. From March 31, 1980, to June 29, 1984, the balance in the account was $6,061.32. The bank sent the respondent a notification on January 13, 1984, indicating that the account had been inactive for the past five years and would "be subject to remittance to the State under the Abandoned Property Law". The respondent failed to take any action, and the monies were "remitted to the State in or about 1985." The respondent failed to maintain records for the estate, failed to pay real estate taxes on the Guerin residence from 1985 to 1988, and failed to file any estate or fiduciary tax returns until November 1989. At that time, $21,804 was due in Federal taxes, in addition to $52,570 in accrued interest, resulting from the respondent's failure to file returns.

Based upon the evidence adduced at the hearing, we find that the Special Referee properly sustained Charges One, Three, Four, Five and Six, to the extent indicated. The respondent is guilty of the misconduct alleged. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating factors advanced by the respondent, including the absence of any element of self-dealing or venal intent. The respondent indicates that he has applied for and obtained the funds escheated and deposited them in the estate account. He indicates that he had made disbursements out of the estate account with due diligence and that he exacted no compensation for his extended services. Under the circumstances, the respondent is suspended from the practice of law for a period of two years, commencing November 13, 1992, and until the further order of this Court.

MANGANO, P. J., THOMPSON, SULLIVAN, HARWOOD and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Ihor Wowtschuk is suspended from the practice of law for a period of two years, commencing November 13, 1992, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent Ihor Wowtschuk is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.