[610 NYS2d 225]

In the Matter of JORGE SOROTE, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 12, 1994

**APPEARANCES OF COUNSEL**

*Naomi F. Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Zoilo I. Silva* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Jorge Sorote was admitted to the practice of law in New York by the First Judicial Department on March 25, 1985. At all times relevant herein respondent maintained an office for the practice of law within the First Judicial Department. By order of this Court (179 AD2d 19) entered March 31, 1992 respondent was suspended from the practice of law, pending the investigation and further order of this Court. Pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) the suspension was based on respondent's failure to cooperate with the Departmental Disciplinary Committee in its investigation and upon other uncontroverted evidence of professional misconduct. By petition dated November 30, 1993, the Committee seeks an order confirming the Hearing Panel's report and imposing the recommended sanction of suspension for three years, nunc pro tunc to March 31, 1992.

The notice and statement of charges served on the respondent on September 24, 1992 contained 19 charges of professional misconduct. These charges alleged, *inter alia*, that the respondent failed to return an unearned $6,000 retainer fee, neglected six criminal matters, failed to satisfy two judgments entered against him and failed to cooperate with the Committee. The Hearing Panel was convened on December 2, 1992, December 16, 1992 and February 24, 1993 to hear testimony and receive evidence relating to the charges.

The Hearing Panel sustained charges numbered 2, 3, 7, 8, 11, 12, 13, 14, 16 and 18 based upon admissions by the respondent contained in the prehearing stipulation entered into by the parties on December 2, 1992. In addition, charges 9 and 10 were deemed satisfied by the admissions contained in the prehearing stipulation. The Hearing Panel sustained charges 4, 5 and 17 based on the evidence presented at the hearing, found that charges 1 and 6 were not established thereby, dismissed charge 15 without comment and dismissed charge 19 as duplicative.

The evidence in mitigation considered by the Hearing Panel included testimony regarding respondent's alcoholism and his efforts toward recovery. In addition, the Panel took into account the fact that respondent simplified the disciplinary proceeding and greatly reduced the time required to hear his case by admitting to many of the violations and stipulating to

facts in the prehearing stipulation of December 2, 1992. The other evidence received by the Panel consisted of a report from staff counsel that the respondent had previously received two letters of admonition. The first admonition was issued on November 30, 1990 as a result of the respondent's neglect of a legal matter and failure to carry out a contract of employment. The second admonition was issued on September 25, 1991 as a result of respondent's failure to promptly return the unearned portion of a retainer fee and for failure to register as an attorney with the Office of Court Administration for a period of three years.

Upon review of the evidence in this matter, especially respondent's admissions, we conclude that there is ample evidence to support the Panel's findings that the respondent is guilty of 13 violations of the Code of Professional Responsibility. While we acknowledge that there is a connection between respondent's misconduct and his acute alcoholism and, that respondent has made considerable strides toward recovery, we nevertheless conclude that the Departmental Disciplinary Committee's petition should be granted and the Hearing Panel's report, which recommends a sanction of suspension from the practice of law for three years, nunc pro tunc to March 31, 1992, should be confirmed (compare, Matter of McEnroe, 174 AD2d 67; Matter of Segal, 190 AD2d 295).

Accordingly, the petition of the Departmental Disciplinary Committee dated November 30, 1993 is granted and the Hearing Panel's report is hereby confirmed and the respondent is suspended from the practice of law for a period of three years, nunc pro tunc to March 31, 1992, with his reinstatement conditioned upon submission of evidence which satisfactorily attests to respondent's continued rehabilitation and abstinence from the use of alcohol, in addition to the other statutory requirements.

MURPHY, P. J., CARRO, WALLACH, ROSS and NARDELLI, JJ., concur.

Application is granted and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three years, nunc pro tunc to March 31, 1992, with his reinstatement conditioned upon submission of certain material as indicated in the order of this Court, in addition to the other statutory requirements, and until the further order of this Court.