[628 NYS2d 153]

In the Matter of HAROLD A. LANDES (Admitted as HAROLD ALLEN LANDES), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 5, 1995

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Harold A. Landes,* Woodmere, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with five allegations of professional misconduct. The Special Referee sustained all five charges. The petitioner now moves to confirm the report of the Special Referee. The respondent has submitted an affirmation in opposition requesting that the report of the Special Referee be confirmed but that the discipline imposed not exceed the Committee-level sanctions previously imposed.

Charge One alleged that the respondent neglected a legal matter entrusted to him. In or about 1987, the respondent was retained to commence a personal injury action on behalf of Luz Franqui's infant daughter, who was injured while at school in or about 1984. The respondent received the file from the previous attorney. The file included a summons and complaint, an answer, and a demand for a bill of particulars. The respondent failed to take any further action with respect to this case until after a complaint was filed against him with the Grievance Committee by Luz Franqui on or about June 17, 1993. By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30).

Charge Two alleged that from the time of his retainer in 1987 until about 1993, the respondent failed to adequately communicate with his client, Luz Franqui, concerning the status of her case. By reason of the foregoing, the respondent violated DR 1-102 (A) (8) (22 NYCRR 1200.3).

Charge Three alleged that the respondent neglected a legal matter entrusted to him. In or about April 1984, Luz Menendez was injured in two separate accidents in a New York City housing project. She retained an attorney to commence a personal injury action on her behalf. A summons and complaint were served in or about 1985 and the defendant interposed an answer with a demand for discovery. The respondent, after being substituted for the previous attorney in or about 1987, prepared a bill of particulars and conducted depositions in or about 1988. He thereafter failed to take any further action in the matter. The case was dismissed for failure to prosecute in or about January 1992, by order of the Supreme Court, New York County. The respondent's subsequent motions to restore the case to the Trial Calendar and to reargue were denied. By reason of the foregoing, the respondent violated DR 6-101 (A) (3) (22 NYCRR 1200.30).

Charge Four alleged that from the time of his retainer in or about 1987 to approximately 1994, the respondent failed to adequately communicate with his client, Luz Menendez, concerning the status of her case. By reason of the foregoing, the respondent violated DR 1-102(A) (8) (22 NYCRR 1200.3).

Charge Five alleged that the respondent neglected a legal matter entrusted to him. The respondent was retained as the petitioner's attorney in *Roman v City of New York*, a wrongful death case, in or about 1988. He thereafter failed to take any action in the matter until in or about June 1993. By reason of the foregoing, the respondent violated DR 6-101 (A) (3) (22 NYCRR 1200.30).

Upon review of the evidence adduced, we find that all five charges were properly sustained by a preponderance of the credible evidence. The petitioner's motion to confirm the Special Referee's report is, accordingly, granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's cooperation with the Grievance Committee, his realization that he cannot function as a solo practitioner, and the fact that the charges against him emanate from a particular time frame during which he was experiencing psychological difficulties. However, the respondent has an extensive disciplinary history, all involving neglect of legal matters. The respondent received an Admonition, dated May 17, 1988, based upon his neglect of a legal matter and his lack of candor during the Grievance Committee's investigation. He received a second Admonition, dated January 20, 1989, based upon his neglect of another legal matter and his failure to respond to the numerous calls and inquiries from the Grievance Committee. Additionally, the respondent received a third Admonition, dated February 19, 1991, based upon his neglect of two additional legal matters and his laxity in responding to staff inquiries.

Notwithstanding the character evidence submitted by the respondent, his continuing efforts to alleviate his psychological/emotional problem, and the fact that he is now gainfully employed, the current disciplinary proceeding involves three separate instances of neglect. Under the circumstances, the respondent is suspended from practice for a period of one year.

MANGANO, P. J., SULLIVAN, BALLETTA, ROSENBLATT and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Harold A. Landes, is suspended from the practice of law for a period of one year, commencing July 17, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Harold A. Landes, is commanded to promptly desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.