[662 NYS2d 506]

In the Matter of MUJIB T. MANNAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 7, 1997

**APPEARANCES OF COUNSEL**

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mujib T. Mannan,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Mujib T. Mannan was admitted to the practice of law in the State of New York by the Second Judicial Department on February 27, 1985. At all times relevant herein, he

has maintained an office for the practice of law in the First Judicial Department.

The Departmental Disciplinary Committee moves for an order confirming its findings of fact and conclusions of law, and the recommendation that respondent be suspended from the practice of law for a period of six months, with reinstatement conditioned on respondent's full restitution to the subject clients of funds paid to retain his services.

On or about July 13, 1994, respondent was served with a notice and statement of charges alleging that he violated Code of Professional Responsibility DR 1-102 (A) (8), DR 6-101 (A) (3) and DR 7-101 (A) (1) (22 NYCRR 1200.3, 1200.30, 1200.32) by neglecting client matters, by failing to seek the lawful objectives of a client and by engaging in conduct which adversely reflected upon his fitness to practice law. Respondent initially generally denied the charges, but in his amended answer, admitted neglect of client matters. After the first hearing before the Hearing Panel, eight (four counts alleging violations of DR 1-102 [A] [8], four counts alleging violations of DR 6-101 [A] [3]) of the nine counts were sustained, without respondent's objection, on the basis of this admission. The Panel dismissed the remaining count, sounding in an intentional failure to seek a client's lawful objectives (DR 7-101 [A] [1]), on respondent's evidence of unintentional neglect. Respondent requested that he be allowed to make restitution as a sanction. Additional hearings were conducted on October 26, 1995, May 30, 1996 and November 12, 1996, at which times respondent had not yet made full restitution.

The counts sustained arose from respondent's neglect of four client matters: Wayne Plummer, Sarah McPherson, James Williams, and Salima Abdullah. Respondent was retained to appeal Wayne Plummer's criminal conviction, for which he was paid $2,500. Upon Plummer being granted poor person relief, respondent was directed to file the brief by December 16, 1991. Despite several enlargements of time to perfect, respondent failed to file and the respondent was directed, *sua sponte* by the Second Department by order entered February 14, 1994, to show cause by March 11, 1994 why the appeal should not be dismissed. Respondent failed to appear. Respondent demonstrated at the hearing that he had repaid $1,000 of the $2,500 owing to Wayne Plummer. In November 1991, Sarah McPherson paid respondent $3,000 to prosecute Donald Conyers' criminal appeal, which he also failed to do. In August 1990, James Williams paid respondent $650 in connection with

his retention of respondent to prosecute his uncontested divorce, which respondent also failed to do beyond merely filing a summons and complaint. Respondent failed to return Williams' numerous phone calls and failed to apprise Williams of the status of his case. Respondent demonstrated at the hearing that he had repaid $600 of the $650 owing to James Williams. In December 1991, Salima Abdullah paid respondent $1,500 to pursue a complaint before the New York State Division of Human Rights, which he also failed to do, thereafter failing to communicate with this client.

In its April 15, 1997 report and recommendations, the Hearing Panel noted an earlier inclination to censure respondent, but noted that respondent's continued conduct warranted suspension. The Hearing Panel considered respondent's character witnesses and his claims of mitigation, but also took into consideration respondent's prior 1993 admonishment by the Departmental Disciplinary Committee for making misrepresentations to a client and failing to pay a judgment in favor of a client (DR 1-102 [A] [4], [5]), as well as his continuous failure to make restitution in the current matters. The Panel recommended a six-month suspension, and that reinstatement be conditioned on full restitution of $1,500 to Plummer, $1,500 to Abdullah and $3,000 to McPherson.

Given respondent's pattern of neglect, as manifested also in his prior disciplinary history, and his continued failure to make restitution in the current matter despite being provided an opportunity to do so, suspension is an appropriate remedy (*Matter of Siegel*, 193 AD2d 181; *Matter of Segal*, 190 AD2d 295; *Matter of Chasin*, 183 AD2d 366).

Accordingly, the application is granted and respondent is suspended from the practice of law for six months, his reinstatement being conditioned on complete restitution as specified hereinabove.

SULLIVAN, J. P., NARDELLI, WILLIAMS, TOM and COLABELLA, JJ., concur.

Petition granted, and respondent suspended from the practice of law in the State of New York for a period of six months, effective November 7, 1997, with reinstatement conditioned upon respondent's full restitution of funds, as indicated, and until the further order of this Court.