(March 10, 1999)

■ In the Matter of Dixon S. Welt, an Attorney, Respondent. Committee on Professional Standards, Petitioner. [686 NYS2d 519] —Per Curiam. Respondent was admitted to practice by this Court in 1962 and maintains an office for the practice of law in Albany.

Respondent admits to professional misconduct as charged and specified in five charges of a petition filed by petitioner Committee on Professional Standards. According to the charges, respondent neglected a personal injury action he had commenced on behalf of a client leading to its dismissal with prejudice. After the dismissal, respondent repeatedly and falsely advised the client the matter was still pending. After the client discharged him, respondent failed to forward the file to the client's new lawyers. Respondent also attempted to mislead petitioner concerning his handling of the matter and failed to accord petitioner the full and prompt cooperation it is due.

We grant respondent's motion to dismiss charge V because we decline to expansively read the disciplinary rule prohibiting a lawyer from neglecting a legal matter entrusted to the lawyer (22 NYCRR 1200.30 [a] [3]) to encompass neglect of duties as co-trustee of a law firm profit-sharing plan as alleged in specification 1. Specification 2 of the charge, alleging failure to

pay a judgment, has been rendered moot by respondent's payment of it.

Under the circumstances presented, including respondent's prior unblemished disciplinary record, we conclude that respondent should be censured for his professional misconduct.

Mikoll, J. P., Mercure, Yesawich Jr., Peters, and Carpinello, JJ., concur. Ordered that respondent is found guilty of charges I through IV and VI, as charged and specified in the petition; and it is further ordered that respondent's cross motion to dismiss charge V is granted; and it is further ordered that respondent is censured.