[776 NYS2d 6]

In the Matter of JOHN H. TESCHNER (Admitted as JOHN HUGH TESCHNER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 15, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill (Vitaly Lipkansky* of counsel), for petitioner.
*Nicholas C. Cooper* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent John H. Teschner was admitted to the practice of law in the State of New York by the Second Judicial Department on June 26, 1974 as John Hugh Teschner, and, at all times relevant to this proceeding, he has maintained an office for the practice of law within this Department.

On September 27, 2002, the Disciplinary Committee filed formal charges against respondent alleging five counts of professional misconduct. Counts one through three, which involved the estate of Claremont H. Providence, who had died in 1985, alleged that respondent, the attorney for the estate and co-trustee of an estate trust, had neglected a legal matter entrusted to him (Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30]). Specifically, count one alleged that respondent had failed to file fiduciary income tax returns on behalf of a trust for the benefit of three minors created by the testator's will, count two that respondent failed to ensure that the trust was funded with a $40,000 check issued by the executors from the estate account and failed to discover for approximately eight years that the $40,000 had been appropriated by New York State as unclaimed funds and count three that respondent failed to conclude the marshaling of the estate's assets and the funding of the trust after approximately 14 years. Count four involved respondent's representation of Maria Cooper, who had retained him in or about 1992 to obtain a divorce for her, and alleged that respondent had failed expeditiously to conclude the divorce for a period of approximately nine years. Finally, count five alleged that by neglecting the Providence estate and the Cooper divorce, respondent engaged in conduct adversely reflecting on his fitness as a lawyer (DR 1-102 [a] [7] [22 NYCRR 1200.3]). Respondent's answer essentially denied the factual allegations and any misconduct and offered certain factors in mitigation.

Pursuant to a prehearing stipulation, counts two and five were withdrawn and count three was amended to eliminate the reference to the Providence trust and, while that count still referred to marshaling the estate assets, it characterized respondent's neglect as a failure to assist the executors in their duty to marshal the estate assets rather than his own failure to conclude the marshaling of the assets. The allegations in count two regarding respondent's neglect to deposit $40,000 into the estate trust were subsumed by the amended version of count three, but were not admitted by respondent. Count four was

amended to remove a reference to the number of years that respondent was alleged to have neglected Cooper's divorce. Respondent acknowledged in the stipulation that he "assumed responsibility for the handling of all legal issues with respect to the estate and the trust" and that he should have handled the Providence estate and the Cooper divorce in a more expeditious manner, and he admitted neglect of those matters, as stated in amended counts three and four.

After a hearing, the Referee, in a report and recommendation dated April 8, 2003, sustained counts three and four, noting that they were admitted on the record. As to count one, which accused respondent of neglecting a legal matter entrusted to him for his failure to file fiduciary tax returns for the trust since 1995, and count three, insofar as it related to respondent's neglect to deposit the $40,000 check into the estate trust, respondent admitted the underlying facts but asserted that these failures on his part did not violate DR 6-101 (a) (3) of the Code because he was acting in his capacity as a trustee and not as an attorney. Noting that respondent admitted in the stipulation that he was responsible "for the handling of all legal issues with respect to the [Providence] estate and the trust," the Referee concluded that the trust was "clearly a legal matter entrusted to him. Moreover, the beneficiaries of the trust were clearly depending upon respondent to handle all of the legal issues with respect to the trust and so were the executors." Thus, the Referee sustained count one. In addition, the Referee concluded that respondent's failure promptly to discover that the $40,000 check had not been deposited constituted neglect.

In determining the appropriate sanction, the Referee considered, in aggravation of respondent's misconduct, that he had received two previous admonitions for neglect and the "troubling" duration of his neglect of the Providence and Cooper matters. In mitigation, the Referee noted respondent's assertion that he is a recovering alcoholic who has been in therapy since 1991 and who, according to his psychotherapist, suffered from "low self-esteem, separation anxiety and avoidant personality." In addition, a psychiatrist who examined respondent for purposes of the disciplinary hearing diagnosed respondent with depression and attributed his neglect of these two matters to "denial and repression." The Referee also noted that respondent had been accepted into the New York State Bar Association's Lawyer Assistance Program (LAP) for the purpose of monitoring his continued alcohol abstinence and that he had

"concluded" the Cooper matter and taken steps to remedy his neglect of the Providence matter. Based on respondent's two previous admonitions and "his lengthy acknowledged neglect in the Providence estate and neglectful conduct in the Cooper divorce matter," the Referee recommended a three month suspension.

The Hearing Panel agreed with the Referee's determinations as to misconduct and recommended sanction, modifying only to recommend further that any application for reinstatement be expressly conditioned on respondent's successful participation in LAP.

The Disciplinary Committee now moves to confirm the determination of the Hearing Panel, and respondent cross-moves to confirm in part and disaffirm in part the determination of the Hearing Panel and for censure rather than suspension as the appropriate sanction. With respect to count one and part of count three, respondent continues to maintain, as he has throughout this proceeding, that his actions, undertaken solely as a trustee, do not constitute "[n]eglect [of] a legal matter entrusted to [a] lawyer" within the meaning of DR 6-101 (a) (3), arguing that *Matter of Wowtschuk* (183 AD2d 122 [1992]), cited by both the Referee and the Hearing Panel, has been superceded by *Matter of McCormick* (219 AD2d 230 [1995]) and *Matter of Welt* (259 AD2d 833 [1999]).

In our view, DR 6-101 (a) (3), pursuant to which a lawyer is prohibited from neglecting a legal matter entrusted to him, is not limited to matters in which the lawyer is acting in the representation of a client (*cf.* DR 7-102 [a] [22 NYCRR 1200.33]); as the Hearing Panel concluded, DR 6-101 (a) (3) "reaches beyond the attorney-client relationship." This conclusion is consistent with the Second Department's decision in *Matter of Wowtschuk*, a case in which the executor of an estate and trustee of an estate trust was found to have violated DR 6-101 (a) (3) based on his failure to maintain records for the estate, pay real estate taxes on property held by the estate and file estate or fiduciary tax returns. Accordingly, count one and so much of count three as relates to respondent's failure to deposit the $40,000 check into the estate trust should be sustained.

The cases relied on by respondent are not to the contrary. In *McCormick*, a Second Department case decided after *Wowtschuk*, the alleged violations, which occurred while the respondent was serving as Successor Committee and conservator for various incompetent individuals and estates, included, inter

alia, failure to file accountings, misappropriation and conversion of funds entrusted to the respondent and failure to maintain required bookkeeping records. The Court concluded that since the respondent did not serve as counsel to the wards, certain Disciplinary Rules charged could not have been violated and thus did not sustain those charges (219 AD2d at 241). *McCormick*, however, did not allege a violation of DR 6-101 (a) (3), and there is nothing in it that can be read to suggest that *Wowtschuk* is no longer good law.

Respondent's reliance on the Third Department's opinion in *Matter of Welt*, where the Court held that DR 6-101 (a) (3) did not encompass respondent's neglect, is similarly unavailing. As the Hearing Panel noted, "*Welt* involves alleged neglect in the lawyer's role as trustee of a law firm profit-sharing plan in circumstances that leave doubt as to whether it was a 'legal matter' rather than a business or administrative role." In this case, in contrast, respondent's position as trustee was inextricably linked to his position as the attorney for the estate and, under the totality of the circumstances, his failure to file fiduciary income tax returns and to deposit the $40,000 check into the estate trust account constituted neglect of a legal matter entrusted to him.

Considering respondent's disciplinary history consisting of prior admonitions for neglect in 1989 and 1997 and the duration of the neglect on which the present charges are based, notwithstanding evidence that respondent suffered from psychological and personal problems including alcoholism, we agree with the Referee and the Hearing Panel that a three-month suspension, rather than censure, is the appropriate sanction (*see Matter of Chasin*, 183 AD2d 366 [1992]; *Matter of Landes*, 211 AD2d 201 [1995]). We note that while respondent's alcohol abuse may have been a factor in his neglect of the Providence estate up until the time he ceased drinking, in 1991, his neglect of the estate continued until the time of his deposition before the Disciplinary Committee in 2002. As to the Cooper matter, respondent did not even commence his representation of Cooper until after he had stopped drinking.

Accordingly, the Committee's motion should be granted, the determination of the Hearing Panel should be confirmed and respondent suspended for a period of three months, and until further order of this Court. The cross motion should be granted only to the extent respondent seeks to confirm the conclusions of the Referee and the Hearing Panel, and otherwise denied.

Respondent's reinstatement to the practice of law should be conditioned on his successful participation in LAP.

BUCKLEY, P.J., TOM, SULLIVAN, LERNER and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective May 17, 2004, as indicated.