[830 NYS2d 527]

In the Matter of KENNETH D. LAW, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 8, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Andral N. Bratton* of counsel), for petitioner.

*Michael A. Rosenberg* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Kenneth D. Law was admitted to the practice of law in the State of New York by the First Judicial Department on January 14, 1985. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.*

On or about March 1, 2005, respondent was served with a notice and statement of charges which alleged he violated Code of Professional Responsibility DR 1-102 (a) (7), DR 6-101 (a) (3) and DR 9-102 (e) (22 NYCRR 1200.3, 1200.30, 1200.46) by neglecting two client matters, writing checks on four occasions on his IOLA account to "cash," and engaging in conduct which adversely reflected upon his fitness as a lawyer. In his answer, respondent essentially admitted neglecting the two matters but claimed extenuating circumstances. He also admitted to writing checks to "cash" but stated that it was an oversight, and he denied that his conduct violated DR 1-102 (a) (7).

On April 29, 2005, the Referee held a hearing, at which, respondent withdrew his answer and admitted to all four counts of the charges. The Referee sustained the charges and proceeded to a sanction hearing.

The Departmental Disciplinary Committee introduced a reprimand respondent had received in January 2004 involving respondent's neglect of three unrelated client matters (DR 6-101 [a] [3]) and his failure to properly withdraw from two client matters (DR 2-110 [22 NYCRR 1200.15]). The Committee argued that a six-month suspension was appropriate based on the fact that respondent had been admonished for neglect of other cases only a year earlier, the seriousness of his neglect of the first matter and the other disciplinary violations, as mitigated to some degree by his cooperation with the Committee and admission to the charges.

Respondent's counsel recommended public censure. The Referee recommended a four-month suspension.

In May 2006, a Hearing Panel recommended respondent receive a six-month suspension and that any future reinstatement be contingent upon respondent's fulfillment of stipulated requirements including the institution of office reforms; that respondent obtain medical and/or psychological help for any condi-

---

* Respondent is delinquent in his registration for the 2005/2006 registration period.

tion which has impaired his ability to practice law; and that all outstanding disciplinary complaints would be fully addressed by respondent and resolved.

Respondent stipulated to, among other things, waiving his right to personally appear before the Panel, and agreed not to object to a recommendation of a suspension of not less than four months and certain conditions regarding changing his office procedures before he is reinstated.

The Disciplinary Committee now seeks an order: (1) confirming the report and recommendation of the Hearing Panel that confirmed in part the Referee's report; (2) suspending respondent from the practice of law as this Court deems just and proper, but not less than four months; and (3) conditioning respondent's subsequent reinstatement to the specific requirements as recommended by the Hearing Panel.

Respondent, by his own admission, has committed a pattern of misconduct involving the neglect of two client matters and writing checks to "cash" from his escrow account on four occasions. He was previously reprimanded after formal charges were brought (and hearings held) for neglecting three other client matters and failing to withdraw from two matters. As contended by the Committee, implicit in its 2004 decision to limit the sanction to a reprimand was the expectation that respondent would mend his ways and cease being a problem for his clients and the profession. Instead, these disciplinary charges followed.

Respondent asserts that the passage of almost a year since the Referee's hearing has been a "de facto sanction" insofar as during that year respondent has declined considerable new representations because of the uncertainty of the ultimate sanction. In reply, the Committee asserts that the last year was not a "de facto sanction" as a portion of the delay in these proceedings was due to respondent's own failure to stay in touch with his attorney, cooperate with him, and execute the stipulation agreed to. In the meantime, respondent has continued to practice law. Additionally, in spite of the time that has elapsed during these proceedings the Committee maintains that respondent has not fully grasped his responsibilities given that two more recent complaints remain open against respondent. In one matter, respondent has failed to even proffer a response to the Committee's October 31, 2005 letter requesting an answer.

This Court has imposed suspensions of six months and more as sanctions where an attorney has neglected legal matters and has a prior disciplinary history (*see Matter of Berkman*, 32 AD3d

39 [2006]; *Matter of Rosenkrantz*, 305 AD2d 13 [2003]; *Matter of Mannan*, 233 AD2d 77 [1997]).

Accordingly, the Committee's motion for an order confirming the findings of fact and conclusions of law as found by the Hearing Panel should be granted and respondent suspended from the practice of law for four months. Additionally, any reinstatement of respondent is conditioned on his demonstrating to the satisfaction of the Court that he has instituted office reforms that will improve his communications with this clients; that he has obtained appropriate treatment for any conditions that may have impaired his ability to practice law; and that all outstanding disciplinary complaints against him have been resolved.

ANDRIAS, J.P., SAXE, FRIEDMAN, GONZALEZ and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of four months, effective March 8, 2007, and until the further order of this Court, as indicated.