OPINION OF THE COURT
Per Curiam.
Respondent Alfredo A. Johannes was admitted to the practice of law in the State of New York by the First Judicial Department on July 25, 1988. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee seeks an order confirming findings of fact and conclusions of law by the Referee and Hearing Panel and suspending respondent from the practice of law for a period of six months (22 NYCRR 603.4 [d]). The motion is predicated on findings that respondent neglected two unrelated client matters, failed to return an unearned fee to one of those clients, and misused his attorney escrow account, findings that respondent, proceeding pro se, does not dispute. The Referee recommended a public censure, the Committee seeks a six-month suspension, as recommended by the Hearing Panel, and respondent asks the Court to impose a private reprimand. Thus, the only issue to be decided is the sanction to be imposed.
As found by the Referee and conceded by the Hearing Panel, the evidence
“clearly indicated that the respondent, although taking on matters that he was not prepared to handle, sought to assist members of his community who did not have access to appropriate legal assistance and/or did not have the funds to procure such assistance. His motives and intentions were clearly those of a person who sought to do good deeds. In many cases he took on matters without compensation, hoping that eventually he would be able to resolve the matters to the benefit of his clients. However, he often lacked the expertise and finances to attain these goals.”
The conclusion, endorsed by the Hearing Panel, is that respondent’s neglect of the client matters was inadvertent and that misuse of his attorney escrow account was the result of confusion with his personal account, which is maintained at the same bank and bears an account number ending with the same two digits.
*41 The Hearing Panel, while commending respondent’s “full and forthright cooperation” with the investigation and “appropriate remorse” for his misconduct, noted that he previously received four letters of admonition involving the neglect of client matters and stressed that any sanction should be of sufficient severity to deter conduct resulting in further harm to the public. The Panel concluded that respondent’s “repeated negligence” warrants a six-month suspension, a recommendation that the Committee deems appropriate in view of the mitigating circumstances found by the Referee. The Committee further notes that respondent’s misuse of his escrow account was the result of negligence and poor record keeping, without any implication of conversion or intentional misuse for personal gain.
Respondent admits that he finds being a solo practitioner to be overwhelming and should seek employment with a law firm to avoid similar problems in the future. He adds that he suffers from seasonal depression and has received therapy, which he has found to be helpful. Although respondent has produced no expert medical evidence to establish a causal connection between this condition and his neglect, the Committee has concluded that his failure to exercise suitable diligence was the result of taking on more matters than he could handle, including many cases resulting in little or no payment for his services.
While public censure is a suitable sanction for neglect of client matters if an attorney has no history of misconduct warranting disciplinary action (see Matter of Kraft, 148 AD2d 149 [1989]), where the attorney has previously neglected legal matters and received admonitions, a period of suspension is appropriate (e.g. Matter of Teschner, 7 AD3d 46 [2004] [three-month suspension for chronic neglect of two matters with two prior admonitions for neglect]; Matter of Law, 39 AD3d 90 [2007] [four-month conditional suspension for neglect of two matters, writing escrow checks to cash with a prior reprimand for neglecting three client matters and failing to withdraw from two others]; Matter of Brade, 100 AD2d 217 [1984] [one-year suspension for neglect of two client matters with four prior admonitions for neglect]). In view of respondent’s extensive pro bono work, service to his community and the lack of venal intent, a period of suspension of three months constitutes the appropriate sanction.
Accordingly, the Committee’s petition for an order confirming so much of the Hearing Panel’s determination as confirmed the Referee’s findings of fact and conclusions of law should be *42 granted; so much of the aforesaid determination as recommended a sanction of six months’ suspension disaffirmed, and respondent suspended from the practice of law in the State of New York for a period of three months, effective 90 days after the date of this order.
Tom, J.P., Mazzarelli, Andrias, Friedman and Renwick, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of three months, effective October 7, 2009 and until further order of this Court.