[973 NYS2d 101]

In the Matter of JORGE SOROTE, an Attorney, Respondent. DE-
PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDI-
CIAL DEPARTMENT, Petitioner.

First Department, September 17, 2013

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City *(Elisabeth A. Palladino* of counsel), for petitioner.

*Krinsky, PLLC (Pery D. Krinsky* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jorge Sorote was admitted to the practice of law in the State of New York by the First Judicial Department on March 25, 1985. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Department.

Previously, this Court suspended respondent from the practice of law for three years, based on findings sustaining charges that, among other things, he had failed to return an unearned retainer, had neglected several criminal matters, had failed to satisfy two judgments against him, and had failed to cooperate with the Departmental Disciplinary Committee's investigation of those charges *(see Matter of Sorote,* 196 AD2d 339 [1st Dept 1994]; *see also Matter of Sorote,* 179 AD2d 19 [1st Dept 1992] [imposing an interim suspension based on respondent's failure to cooperate]). The order imposing the three-year suspension conditioned respondent's reinstatement upon submission of evidence attesting to his rehabilitation and abstinence from the use of alcohol (196 AD2d at 341). After two unsuccessful applications for reinstatement *(see Matter of Sorote,* 253 AD2d 707 [1st Dept 1998]; *Matter of Sorote,* 264 AD2d 676 [1st Dept 1999]), respondent was reinstated to the practice of law in 1999 *(see Matter of Sorote,* 267 AD2d 158 [1st Dept 1999]). In addition, respondent has been admonished on four occasions over the years for various deficiencies in his professional conduct.[1]

In June 2011, the Committee charged respondent with neglecting a legal matter in violation of Code of Professional

---

1. In 1990, the Committee admonished respondent for neglecting a client matter and for failing to carry out a contract of employment. In 1991, the Committee admonished him for failing to return an unearned retainer in a timely manner and for failing to register with the Office of Court Administration from 1989 to 1991. In 2004, the Committee admonished him for neglect of a client's divorce case, collecting a fee before providing a retainer agree-

Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and handling a legal matter without adequate preparation in violation of DR 6-101 (a) (2) (22 NYCRR 1200.30 [a] [2]). In his verified answer, respondent admitted all of the factual allegations of the petition and admitted to liability on both charges. In brief, the two charges arose from respondent's representation of the plaintiff in a psychiatric malpractice action. As established by the Committee's evidence and respondent's admissions, respondent neglected the matter by failing to appear for two previously scheduled compliance conferences and by failing to provide discovery in compliance with an order of the court, thereby prompting the court to dismiss the action. Thereafter, respondent handled the same matter without adequate preparation by submitting a motion for restoration of the action that omitted an attempt to demonstrate that the client possessed a meritorious cause of action. Based on these undisputed charges, the Committee sought a one-year suspension; respondent urged that a public censure be imposed.

After receiving evidence, a Referee issued a report sustaining both charges and recommending a three-month suspension.[2] A Hearing Panel subsequently confirmed the Referee's report in all respects. In their reports, the Referee and the Hearing Panel took cognizance of respondent's extensive prior disciplinary history (as described above) as an aggravating factor. In recommending a three-month suspension, however, the Referee and the Hearing Panel took into consideration the following mitigat-

---

ment, and failing to communicate adequately with the client. In 2009, the Committee admonished him for enabling a suspended attorney to hold himself out as a practicing attorney.

2. In his report, the Referee made the following observations about the action in which the neglect at issue occurred:

"As for the factor of whether [respondent's] acts resulted in any significant harm to his client, that is more difficult to assess. Although the . . . case was dismissed, it appears to have been of dubious merit based on the comments by the trial court in rejecting [r]espondent's efforts to restore the case to the calendar. The record is devoid, moreover, of any effort by the client to pursue the case with other counsel or [to] appeal the dismissal. It is also curious, and may be of some significance in determining the appropriate sanction to impose in this matter, that the initial complainant here was not [r]espondent's actual client . . . but his father . . . , who was [r]espondent's primary contact. . . . In any event, however marginal the claim of [r]espondent's client may have been, it is undisputed that [r]espondent neglected important obligations in his handling of the case, and a lawyer must abide by such obligations regardless of the strength or weakness of the particular case."

ing factors: (1) respondent has instituted procedures in his law practice to avoid further neglect; (2) he appears to have fully recovered from the alcoholism that contributed to his prior disciplinary history; (3) he demonstrates that he now is capable of pursuing a law practice in a responsible fashion; and (4) he does not pose any danger to the public.

By the instant motion, the Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (d), confirming the Hearing Panel's findings of fact and conclusions of law and suspending respondent from the practice of law for such period of time as this Court may "deem[ ] appropriate." Respondent supports the Committee's motion to confirm the Hearing Panel's findings of fact and conclusions of law, but again urges that a public censure, rather than a suspension, be imposed.

We confirm the Hearing Panel's findings of fact and conclusions of law and adopt its recommendation of a three-month suspension. This Court has imposed suspensions ranging from three months to one year for similar misconduct involving attorneys with prior disciplinary histories (see Matter of Militello, 76 AD3d 364 [1st Dept 2010] [three-month suspension for neglecting a civil action over a nine-year period; two prior admonitions]; Matter of Johannes, 66 AD3d 39 [1st Dept 2009] [three-month suspension for neglect of two matters, failure to return an unearned fee, and non-venal misuse of an escrow account; four prior admonitions for neglect]; Matter of Law, 39 AD3d 90 [1st Dept 2007] [four-month suspension for neglect of two client matters and minor escrow violations; previous reprimands for, inter alia, neglect of three client matters]; Matter of Berkman, 32 AD3d 39 [1st Dept 2006] [nine-month suspension for neglect, inadequate preparation, and misrepresentation to client; prior admonition for similar misconduct]; Matter of Aranda, 32 AD3d 58 [1st Dept 2006] [one-year suspension for, inter alia, neglect of three client matters; three prior admonitions for, inter alia, neglect and misrepresentation]; Matter of Kleefield, 22 AD3d 94 [1st Dept 2005] [three-month suspension for, inter alia, neglect of an immigration matter; two prior admonitions for neglect of three client matters]; Matter of Teschner, 7 AD3d 46 [1st Dept 2004] [three-month suspension for neglect of two matters; two prior admonitions for neglect]).

A three-month suspension might be viewed as lenient, given respondent's extensive disciplinary history, which includes a three-year suspension and four prior admonitions. The imposi-

tion of a three-month suspension is nonetheless warranted by the following factors: (1) respondent's current misconduct was confined to one matter; (2) the misconduct did not involve misrepresentation or deceit; and (3) both the Referee and Hearing Panel found that, notwithstanding his prior disciplinary history, respondent presented credible evidence in mitigation, including his remorse and acceptance of full responsibility for the misconduct in question. While we reject respondent's claim that the mitigating evidence is so powerful as to warrant a sanction no more severe than a public censure, we agree with the Referee and the Hearing Panel that the record does, on balance, support imposition of a three-month suspension.

Accordingly, the Committee's motion is granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law and respondent is suspended from the practice of law for a period of three months, effective 30 days from the date hereof.

ANDRIAS, J.P., FRIEDMAN, SWEENY, ACOSTA and SAXE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective 30 days from the date hereof and until further order of this Court.